IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

DEFENDANTS ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC,
AND NEKOL BELL PETERSON'S ANSWER TO COMPLAINT
WITH DEFENDANT PETERSON'S COUNTERCLAIMS

TO:  THE HONORABLE PAUL L. FRIEDMAN, JUDGE OF THE ABOVE
CAPTIONED COURT:

Defendants Enterprise Technology Services Group, LLC (hereafter,
"ETSG"), and Nekol Bell Peterson (hereafter, "Peterson"), named above
(collectively, "Defendants"), by undersigned counsel, hereby file this Answer
to plaintiff's Complaint, with defendant Peterson's counterclaims, and state
the following:

## A.  <u>NATURE OF ACTION</u>

1.  Defendants deny the allegations of Paragraph No. 1 to the extent that it includes factual matters purporting to show that plaintiff is entitled to any relief in this action, otherwise, mere legal conclusions of this paragraph do not require a response by defendants.  Defendants specifically deny that either of them engaged in fraudulent or tortious conduct, or any other conduct that violated either federal statutes or the laws of the District of Columbia.

2.  Defendants deny the allegations contained in Paragraph No. 2 of the Complaint.

## B.  <u>PARTIES</u>

3.  Defendants that plaintiff's principal place of business appears to be located in Washington, DC, but they lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph No. 3 of the Complaint and demands strict proof of the same.

4.  Defendants admit the allegations contained in Paragraph No. 4 of the Complaint.

5.  Defendants admit that Peterson was a contract employee of plaintiff and that she resides in Maryland but they deny the remaining allegations contained in Paragraph No. 5 of the Complaint.

## C.  JURISDICTION AND VENUE

6.  Defendants deny the allegations contained in Paragraph No. 6 of the Complaint because defendants did not commit any act that would confer jurisdiction upon this Court.

7.  Defendants deny the allegations contained in Paragraph No. 6 of the Complaint because defendants did not commit any act that would confer jurisdiction upon this Court.

## D.  BACKGROUND

8.   Defendants admit the allegations contained in Paragraph No. 8 of the Complaint.

9.  Defendants deny the allegations contained in Paragraph No. 9 of the Complaint.

10.   Defendants deny the allegations contained in Paragraph No. 10 of the Complaint.

11.  Defendants deny the allegations contained in Paragraph No. 11 of the Complaint.

12.  Defendants deny the allegations contained in Paragraph No. 12 of the Complaint.

13.  Defendants deny the allegations contained in Paragraph No. 13 of the Complaint.

14.  Defendants deny the allegations contained in Paragraph No. 14 of the Complaint.

15.  Defendants deny the allegations contained in Paragraph No. 15 of the Complaint.

16.  Defendants deny the allegations contained in Paragraph No. 16 of the Complaint.

17.  Defendants deny the allegations contained in Paragraph No. 17 of the Complaint.

18.  Defendants deny the allegations contained in Paragraph No. 18 of the Complaint.

19.  Defendants deny the allegations contained in Paragraph No. 19 of the Complaint.

20.  Defendants deny the allegations contained in Paragraph No. 20 of the Complaint.

21.  Defendants deny the allegations contained in Paragraph No. 21 of the Complaint.

22.  Defendants deny the allegations contained in Paragraph No. 22 of the Complaint.

23.  Defendants deny the allegations contained in Paragraph No. 23 of the Complaint.

24.   Defendants deny the allegations contained in Paragraph No. 24 of the Complaint.

25.   Defendants deny the allegations contained in Paragraph No. 25 of the Complaint.

26.   Defendants deny the allegations contained in Paragraph No. 26 of the Complaint.

27.   Defendants deny the allegations contained in Paragraph No. 27 of the Complaint.

28.   Defendants deny the allegations contained in Paragraph No. 28 of the Complaint.

29.   Defendants deny the allegations contained in Paragraph No. 29 of the Complaint.

30.   Defendants deny the allegations contained in Paragraph No. 30 of the Complaint.

31.   Defendants deny the allegations contained in Paragraph No. 31 of the Complaint.

32.   Defendants deny the allegations contained in Paragraph No. 32 of the Complaint.

/ / / / /

/ / / / /

E.  RESPONSE TO COUNT I
ALLEGED VIOLATION OF TITLE 18 U. S. C. SECTION 1962 (c)
(Against Peterson)

33.  Defendants deny the allegations contained in Paragraph No. 33 by incorporating their previous denials in this Answer.

34.  Defendants deny the allegations contained in Paragraph No. 34 of the Complaint.

35.  Defendants deny the allegations contained in Paragraph No. 35 of the Complaint to the extent it represents that this Court has jurisdiction pursuant to this alleged statutory violation.

36.  Defendants deny the allegations contained in Paragraph No. 35 of the Complaint.

37.  Defendants deny the allegations contained in Paragraph No. 37 of the Complaint.

38.  Defendants deny the allegations contained in Paragraph No. 38 of the Complaint.

39.  Defendants deny the allegations contained in Paragraph No. 39 of the Complaint.

40.  Defendants deny the allegations contained in Paragraph No. 40 of the Complaint.

41.  Defendants deny the allegations contained in Paragraph No. 41 of

the Complaint.

42. Defendants deny the allegations contained in Paragraph No. 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph No. 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph No. 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph No. 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph No. 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph No. 47 of the Complaint.

## F. RESPONSE TO COUNT II
## BREACH OF FIDUCIARY DUTY

48. Defendants deny the allegations contained in Paragraph No. 48 by incorporating their previous denials in this Answer.

49. Defendants deny the allegations contained in Paragraph No. 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph No. 50 of

the Complaint.

51.  Defendants deny the allegations contained in Paragraph No. 51 of the Complaint.

52.  Defendants deny the allegations contained in Paragraph No. 52 of the Complaint.

53.  Defendants deny the allegations contained in Paragraph No. 53 of the Complaint.

54.  Defendants deny the allegations contained in Paragraph No. 54 of the Complaint.

55.  Defendants deny the allegations contained in Paragraph No. 55 of the Complaint.

## G.  RESPONSE TO COUNT III
### FRAUD
(Against ETSG and Peterson)

56.  Defendants deny the allegations contained in Paragraph No. 56 by incorporating their previous denials in this Answer.

57.  Defendants deny the allegations contained in Paragraph No. 57 of the Complaint.

58.  Defendants deny the allegations contained in Paragraph No. 58 of the Complaint.

59.  Defendants deny the allegations contained in Paragraph No. 59 of

the Complaint.

60.  Defendants deny the allegations contained in Paragraph No. 60 of the Complaint.

61.  Defendants deny the allegations contained in Paragraph No. 61 of the Complaint.

62.  Defendants deny the allegations contained in Paragraph No. 62 of the Complaint.

63.  Defendants deny the allegations contained in Paragraph No. 63 of the Complaint.

64.  Defendants deny the allegations contained in Paragraph No. 64 of the Complaint.

65.  Defendants deny the allegations contained in Paragraph No. 65 of the Complaint.

66.  Defendants deny the allegations contained in Paragraph No. 66 of the Complaint.

## H.  RESPONSE TO COUNT IV
## NEGLIGENT MISREPRESENTATION
(Against ETSG and Peterson)

67.  Defendants deny the allegations contained in Paragraph No. 67 by incorporating their previous denials in this Answer.

68.  Defendants deny the allegations contained in Paragraph No. 68 of

the Complaint.

69.  Defendants deny the allegations contained in Paragraph No. 69 of the Complaint.

70.  Defendants deny the allegations contained in Paragraph No. 70 of the Complaint.

71.  Defendants deny the allegations contained in Paragraph No. 71 of the Complaint.

72.  Defendants deny the allegations contained in Paragraph No. 72 of the Complaint.

73.  Defendants deny the allegations contained in Paragraph No. 73 of the Complaint.

## I.  RESPONSE TO COUNT V
## BREACH OF CONTRACT

74.  Defendants deny the allegations contained in Paragraph No. 74 by incorporating their previous denials in this Answer.

75.  Defendants deny the allegations contained in Paragraph No. 75 of the Complaint.

76.  Defendants deny the allegations contained in Paragraph No. 76 of the Complaint.

77.  Defendants deny the allegations contained in Paragraph No. 77 of the Complaint.

78.   Defendants deny the allegations contained in Paragraph No. 78 of the Complaint.

79.   Defendants deny the allegations contained in Paragraph No. 79 of the Complaint.

80.   Defendants deny the allegations contained in Paragraph No. 80 of the Complaint.

## J.  RESPONSE TO COUNT VI
## BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

81.   Defendants deny the allegations contained in Paragraph No. 81 by incorporating their previous denials in this Answer.

82.   Defendants deny the allegations contained in Paragraph No. 82 of the Complaint.

83.   Defendants deny the allegations contained in Paragraph No. 83 of the Complaint.

84.   Defendants deny the allegations contained in Paragraph No. 84 of the Complaint.

85.   Defendants deny the allegations contained in Paragraph No. 85 of the Complaint.

/ / / / /

/ / / / /

### K.  RESPONSE TO COUNT VII
### UNJUST ENRICHMENT
(Against ETSG and Peterson)

86.  Defendants deny the allegations contained in Paragraph No. 86 by incorporating their previous denials in this Answer.

87.  Defendants deny the allegations contained in Paragraph No. 87 of the Complaint.

88.  Defendants deny the allegations contained in Paragraph No. 88 of the Complaint.

### L.  RESPONSE TO COUNT VIII
### CONVERSION
(Against Peterson)

89.  Defendants deny the allegations contained in Paragraph No. 89 by incorporating their previous denials in this Answer.

90.  Defendants deny the allegations contained in Paragraph No. 90 of the Complaint.

91.  Defendants deny the allegations contained in Paragraph No. 91 of the Complaint.

92.  Defendants deny the allegations contained in Paragraph No. 92 of the Complaint.

93.  Defendants deny the allegations contained in Paragraph No. 93 of the Complaint.

94.  Defendants deny the allegations contained in Paragraph No. 94 of the Complaint.

95.  Defendants deny the allegations contained in Paragraph No. 95 of the Complaint.

## PRAYER FOR RELIEF

96.  Defendants deny the allegations and averments contained in the Wherefore clause under the Prayer for relief and deny tat plaintiff is entitled to any relief whatsoever.

97.  Defendants further deny each and every the allegation of the Complaint that is not specifically admitted herein in this Answer.

## AFFIRMATIVE DEFENSES

Defendants hereby asserts the following affirmative defenses to plaintiff's Complaint and causes of action:

### 1. FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted by the Court.

### 2. SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### 3. THIRD AFFIRMATIVE DEFENSE

Plaintiff's clams are barred by the doctrine of laches.

-13-

### 4. FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### 5. FIFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's claims.

### 6. SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### 7. SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege its causes of action with particularity to enable defendants to raise all appropriate defenses, and therefore, defendants reserve the right to add additional defenses as the factual basis for each defense becomes known.

### COUNTERCLAIMS OF DEFENDANT PETERSON

Defendant, Nekol Bell Peterson, by her counsel, hereby files her Counterclaims against plaintiff, by stating the following:

### STATEMENT OF FACTS

1. Peterson repeats and alleges the allegations admitted and denied in her Answer noted herein, as though they were repeated verbatim by reference.

2. Peterson and plaintiff entered into a written contract on  or about March 3, 2005 for the employment of Peterson for a period of two years,

beginning on March 3, 2005 and ending on March 3, 2007.

3.    The aforementioned written contract of employment required plaintiff to honor said contract unless good cause related to Peterson's performance occurred during the two year period of the contract, with 30 days' written notice being given to Peterson by plaintiff of any intent to terminate the contract for cause.

4.    Furthermore, the aforementioned written contract provided that if plaintiff terminated Peterson's employment for reasons outside of poor project performance, defendant would be obligated to pay liquidated damages not exceeding one year of salary.

5.    This contract of the parties required plaintiff to pay the sum of $95,000 per year to Peterson, with additional compensation as performance and/or incentive bonuses.

6.    Peterson began performance under the subject contract in March 2005 and always perform her duties in a competent and effective manner.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

7.    On or about January 2007, plaintiff suspended Peterson and prevented her from continuing performance under the parties' subject contract, although no good cause existed in regards to Peterson's performance pursuant to the contract.

8.    Thereafter, in January 2007, plaintiff coerced Peterson into resigning from her employment under the parties' subject contract, thereby constructively terminating Peterson's employment.

9.   Plaintiff breached the parties' employment contract dated March 3, 2005 when it engaged in the above described conduct in January 2007 consisting of suspending Peterson and constructively terminating her employment.

10.   As a proximate and causal result of plaintiff's breach of the parties' contract, Peterson sustained a significant amount of pecuniary loss and damages to be determined at trial I this action, in addition to the liquidated damages provided by the contract in the amount of one year's salary ($95,000) and bonuses.

## SECOND CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

11.   Peterson re-alleges and incorporates the preceding Paragraphs one (1) through (10) of her Counterclaims as though they were repeated, verbatim.

12.   Plaintiff accused plaintiff of fraud and dishonest activities in regards to the parties' contract, as alleged in its Complaint that initiated this action, when no grounds existed for making such allegations.

13.   The aforementioned allegations were made in bad faith with the

intent to unjustly terminate the parties' contractual relationship.

14.  No basis in fact or law supports the bad faith allegations of fraud and other improper conduct that were made by plaintiff against defendant.

15.  As a proximate result of plaintiff's engaging in conduct that violated the implied covenant of good faith and fair dealings of the parties' written employment contract dated March 3, 2005, plaintiff sustained a substantial amount of damages to be determined at trial in this action.

## REQUEST FOR TRIAL BY JURY

Defendants request a trial by jury of all issues in this action as allowed by the applicable law.

WHEREFORE, having fully answered, defendants pray that this Court:

A.  Dismisses plaintiff's Complaint in its entirety with prejudice;

B.  Grants judgment to defendant Peterson on her causes of action in an amount to be determined at trial, including the one year's salary liquidated damages in the amount of $95,000 provided by the parties' written contract of employment;

C.  Makes an award to defendants of reasonable costs and attorney's fees expended for the defense of this action;  and

/ / / / /

/ / / / /

D.  Grants such other and further relief to defendants that appears to be proper and just to the Court in the circumstances of this case.

Respectfully submitted,

Dated: April 10, 2007                    BY:_____\s_____
                                             Wayne Marcus Scriven, Esq.
                                             SCRIVEN LAW OFFICES
                                             1655 North Fort Myer Drive
                                             Suite 700
                                             Arlington, VA 22209
                                             Tel. (703) 248-2608
                                             Fax. (703) 351-5298
                                             DC BAR No. 438642
                                             w-marcus-scriven@msn.com

                                             SCRIVEN LAW OFFICES
                                             Post Office Box 41009
                                             Fredericksburg, VA 22404-1009
                                             Tel. (540) 891-8974
                                             Fax. (540) 891-8975

                                             Counsel for Defendants,
                                             ENTERPRISE    TECHNOLOGY
                                             SERVICES GROUP, LLC, and
                                             NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendants Enterprise Technology Services Group, LLC, and Nekol Bell Peterson's Answer, With Defendant Peterson's Counterclaims, to Complaint was mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

I deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on April 10, 2007, after first affixing sufficient postage on it.

Dated: April 10, 2007          BY:_____/s/_____
                                        Wayne Marcus Scriven