## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CHEMICAL SOCIETY

        Plaintiff/Counter-Defendant,

  v.

ENTERPRISE TECHNOLOGY SERVICES
GROUP, LLC, et al.

        Defendants/Counter-Plaintiff.

Civil Action No.:  1:07cv00375(PLF)
(DAR)

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
## AND FOR SANCTIONS

Plaintiff/Counter-Defendant American Chemical Society ("ACS"), pursuant to Fed. R.

Civ. P. 37 and the Court's July 18, 2007 order, hereby files this motion to compel and for

discovery sanctions against Defendants Peterson and Enterprise Technology Services Group,

LLC ("ETSG").   Pursuant Local Rule 7(m), plaintiff's counsel and defense counsel have

discussed and exchanged written correspondence about the subject matter of this motion on

numerous occasions but have been unable to reach resolution. After a conference call with Judge

Friedman's clerk, on July 18, 1007, the Court issued an order allowing ACS to file this motion.

On June 19, 2007, the Court entered an order requiring Peterson and ETSG to provide

written responses to all outstanding discovery and to produce copies of all responsive documents

by June 29, 2007.   As of the date of this motion, a great many interrogatories remain

unanswered, Peterson has produced only one two-page document, and ETSG has produced

documents responsive to only a three requests.

Accordingly, for their failure to fulfill their discovery obligations and to abide by the Court's June 18, 2007 order, ACS asks the Court to order Peterson and ETSG to (1) provide responses to all interrogatories for which they have not yet provided responses, including interrogatories to which defendants have untimely objected; (2) produce documents in response to all requests for production for which no documents have been provided, including requests for production to which defendants have untimely objected; (3) and produce for inspection by a forensic computer expert computers used by Peterson and ETSG. ACS asks the Court to set a deadline of five (5) days from the date of the Court's order for Peterson and ETSG to comply.

Pursuant to Rule 37, ACS asks the Court to order Peterson and ETSG to reimburse ACS for the costs of this motion and the costs of trying to secure their discovery responses previously, including attorneys' fees, in the amount of $3,000, and to pay an additional discovery sanction of $5,000.

Contemporaneously with this motion, ACS is submitting a memorandum of points and authorities with attachments and proposed order.

Respectfully submitted,

JACKSON LEWIS LLP

Dated: July 30, 2007          By:   /S/ _____

John M. Remy (D.C. Bar No. 461244)
Jennifer A. Harper (*admitted 2/9/2007; bar no. pending*)
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
(703) 821-2189
(703) 821-2267 Facsimile
remyj@jacksonlewis.com
harperj@jacksonlewis.com
ATTORNEYS FOR PLAINTIFF/COUNTER-
      DEFENDANT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CHEMICAL SOCIETY

        Plaintiff/Counter-Defendant,

  v.

ENTERPRISE TECHNOLOGY SERVICES
GROUP, LLC, et al.

        Defendants/Counter-Plaintiff.

Civil Action No.:  1:07cv00375(PLF)

## **ORDER**

The Court has reviewed Plaintiff's motion to compel and for sanctions, and all arguments submitted in support thereof and in opposition thereto.  Finding good cause, the motion is hereby GRANTED.  Within five (5) days of the date of this Order, Defendants Peterson and Enterprise Technology Services Group, LLC ("ETSG") shall do the following:

1.    Provide full and complete responses and copies of all responsive documents to counsel for plaintiff for Interrogatory 8 to Peterson, RFPs 20, 23, 24, 30, 31, 32, 34, 35, 38, 40, 42, 43, 44, 46 and 47 to Peterson; Interrogatories 6, 11,  13, and 14 to ETSG; and RFPs 3, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, and 23 to ETSG;

2.    Provide contact information for all individuals listed in response to interrogatories 3 and 15 to Peterson and interrogatories 3 and 7  to ETSG;

3.    Arrange for a mutually agreeable time and location for the production for inspection by plaintiff's forensic computer expert all computers used by Peterson and ETSG in response to RFP 29 to Peterson and 28 to ETSG;

4.    Pay to ACS a total of $3,000 ($1,500 per defendant) to reimburse ACS for the costs of its motion to compel, including attorneys' fees;

3

5.    Pay to the Clerk of the Court $5,000 ($2,500 per defendant) as a sanction for violating the Court's June 19, 2007 order.

If Peterson and/or ETSG fails to comply with this Order in any respect or in the time prescribed, ACS shall file a motion for additional discovery and litigation sanctions which will be considered by the Court in light of the degree of non-compliance and the party's prior conduct.

IT IS SO ORDERED, this _____ day of August, 2007.


_____
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY<br><br>    Plaintiff/Counter-Defendant,<br><br> v.<br><br>ENTERPRISE TECHNOLOGY SERVICES<br>GROUP, LLC, et al.<br><br>    Defendants/Counter-Plaintiff. | Civil Action No.: 1:07cv00375(PLF)<br>(DAR) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff/Counter-Defendant American Chemical Society ("ACS"), pursuant to Fed. R. Civ. P. 37 and the Court's July 18, 2007 order, submits this memorandum in support of its motion to compel and for discovery sanctions against both defendants. As explained below, defendants have refused to comply with their discovery obligations and willfully violated a Court order requiring them to provide written responses to all outstanding discovery and copies of all responsive documents by June 29, 2007.

### I. Relevant Facts

#### A. ACS Alleges Peterson, through ETSG, Defrauded ACS Out of Over $200,000

From February 2005 through January 2007, ACS employed defendant Peterson to manage its PeopleSoft accounting software function. On February 21, 2007, ACS filed a complaint against Peterson alleging Peterson, unbeknownst to ACS, hired her own company, defendant Enterprise Technology Services Group, LLC ("ETSG"), to perform consulting services for ACS. ACS alleges Peterson then submitted inflated ETSG invoices, double

invoices, and invoices for work ETSG never performed.  As a result, the complaint alleges

Peterson, by and through ETSG, defrauded ACS out of over $200,000 since October 2005.

ACS's complaint alleges counts against Peterson under RICO, fraud, breach of duty of

loyalty, and other theories.  The complaint also alleges separate counts against ETSG.  Finally,

the complaint alleges Peterson and ETSG are alter egos and that the "corporate veil" between

ETSG and Peterson should be "pierced."  The complaint seeks compensatory damages, punitive

damages, disgorgement of profits, and other relief against Peterson and ETSG.

### B.    Peterson and ETSG Have Violated the Court's June 19, 2007 Order

On April 30, 2007, ACS served its first sets of requests for production ("RFPs") and

interrogatories on Peterson and ETSG.  Responses were due no later than June 3, 2007.

At opposing counsel's request, ACS agreed to extend the date for written responses to

June 29, 2007 upon defendants' agreement to provide responses and copies of all responsive

documents by the close of business on June 29.  The parties submitted a joint motion to the Court

to this effect.

On June 19, 2007, the Court entered an order requiring defendants to provide "written

responses to all outstanding discovery, and copies of all responsive documents by close of

business on 6/29/07."[1]  Defendants did not comply with this Court order.  Instead, on July 2,

2007, defense counsel served plaintiff's counsel with written responses and a handful of

documents from ETSG.[2]  Defense counsel did not produce any documents from Peterson.[3]

---

[1] The e-filing system indicates this order was "entered" on June 19 and "filed" on June 18, 2007.
[2] For the Court's reference, defendants' responses are attached to this memorandum as follows:  Exh. A – Peterson Responses to Interrogatories; Exh. B – Peterson Responses to RFPs; Exh. C – ETSG Responses to Interrogatories; and Exh. D – ETSG Responses to RFPs.
[3] Peterson previously produced one document – a two-page purported contract that is at issue in the counterclaim.

2

**C.    Peterson and ETSG Promised to Produce Documents
And Provide Information With Seven Days but Again
Failed to Fulfill Their Discovery Obligations**

In response to many interrogatories and RFPs, Peterson and ETSG did not object but also did not provide any information or documents.  Instead, Peterson and ETSG stated they "are accumulating" the requested information and documents and would provide the documents and information "within seven days" (or in a "few days").  These non-objectionable interrogatories and RFPs to which no information/documents were provided are:  Interrogatory 8 to Peterson, RFPs 30, 31, 32, 34, 35, 40, 42, 43, and 44 to Peterson; Interrogatories 6, 11,  13, and 14 to ETSG; and RFPs 3, 9, 11, 12, 13, 14, 16, 19, 20, and 21 to ETSG.[4]  To date, neither Peterson nor ETSG has provided any documents in response to these interrogatories and RFPs.

In response to other RFPs, Peterson and ETSG agree to provide documents relating to ACS "within seven days" but object to providing documents relating to other ETSG clients.  These are RFPs 20, 23, 38, 46, and 47 to Peterson and RFPs 10, 17, 18 and 22 to ETSG.  To date, neither Peterson nor ETSG had provided any documents relating to ACS in response to these RFPs.

In response to four interrogatories, Peterson and ETSG did not object but also did not provide any contact information (as required by the instructions) for the individuals identified in the answer.  These are interrogatories 3 (no contact information for Mattice Aaron Hunt, David Smith, or Preston McGee) and 15 (no information for Udaya Kumar) to Peterson and

---

[4] ETSG did not object on the merits to RFP 21 but did object to providing documents without a protective order.  On July 26, 2007, the Court entered a stipulated protective order.  Thus, there is no reason ETSG cannot produce documents in response to RFP 21.

3

interrogatories 3 (no information for Mattice Aaron Hunt, David Smith, or Preston McGee) and 7 (no information for Rakesh Kumar or Rishi Sanditi) to ETSG.[5]

**D.    Peterson and ETSG Objected to Certain Interrogatories and RFPs**

**1.    Objections to Providing Information About Other ETSG Clients**

Peterson and ETSG objected, in whole or in part, to interrogatories and RFPs seeking information and documents about the work ETSG performs for other clients (if any) and the payments ETSG has received from these purported other clients. These objections were made on the basis of relevance and the confidential nature of the information. Complete objections were made to RFP 41 to Peterson, RFPs 7, 24, and 27 to ETSG, and interrogatory 4 to ETSG. Partial objections (agreeing to provide documents relating to ACS but not other ETSG clients) were made to RFPs 20, 23, 38, 46, and 47 to Peterson, and RFPs 10, 17, 18 and 22 to ETSG.[6]

**2.    Objections to RFPs Concerning Wire
Transfers Involving ETSG and Peterson**

In its complaint, ACS alleges Peterson transferred funds from ETSG accounts to herself and others to further her fraud scheme.    (Compl. ¶ 21).    Accordingly, two RFPs sought documents concerning wire transfers.

RFP 24 to Peterson sought:

> All documents relating to any wire or electronic transfers of any funds from or initiated by Peterson to any person (including Peterson) from January 1, 2005 to the present, including but not limited to all transfers from NASA Federal Credit Union to a First Citizens Bank in Darlington, South Carolina.

Peterson's response was:

---

[5] Because defendants did not object to the interrogatories and RFPs discussed in this section of the memorandum, ACS reads the local rules as not requiring ACS to retype all 34 of these interrogatories and responses into the text of this memorandum.

[6] For the sake of brevity, ACS has not retyped each of these 14 interrogatories and RFPs and their responses into the body of this memorandum because defendants' responses are attached as exhibits. However, if the Court desires, ACS will submit a supplemental memorandum with these requests and responses typed out.

> Ms. Bell Peterson objects to providing its confidential clients' list or its proprietary business information, and it further states that this information is irrelevant to issues in this action and will not reasonably lead to the discovery of admissible or relevant evidence.

RFP 23 to ETSG sought:

> All documents relating to any wire or other electronic transfers of any funds from or initiated by Peterson to any person from January 1, 2005 to the present.

ETSG's response was:

> ETSG and Ms. Bell Peterson object to providing Ms. Bell Peterson's personal and confidential financial information that is not related to any issue in this case, and they further state that this information is not only irrelevant to issues in this action but will not reasonably lead to the discovery of admissible or relevant evidence.

### 3.    Objections to Providing Access to Computers for Inspection

When Peterson worked for ACS, she submitted ETSG's invoices to ACS' finance department for payment. These weekly invoices submitted by Peterson were for 40 hours of work by an ETSG contractor named Audrey McLaren. The invoices Peterson submitted for payment read "PeopleSoft Consulting Services – Audrey McLaren." In its complaint, ACS contends these invoices were inflated because Ms. McLaren did not work 40 hours a week for ACS.

Recently, ETSG and Peterson have claimed other contractors were also working on ETSG's ACS account. To support this claim, ETSG has produced what purport to be the invoices ETSG/Peterson submitted to ACS. Suspiciously, these invoices now read "PeopleSoft Consulting Services." The reference to Ms. McLaren has been deleted in the new version of the invoices produced by ETSG. (Copies of the differing invoices are attached at exhibits E and F, respectively.)

ACS has requested the production of Peterson's and ETSG' computers so that a forensic computer expert can inspect the computers concerning this and other document issues in the case, including what ACS contends to be additional document fabrication.

RFP 29 to Peterson sought:

> Produce for inspection by a forensic computer expert any personal computer owned by you or used in your home by any person.

Peterson's response was:

> Ms. Bell Peterson objects to providing her personal computer for examination of her personal and confidential financial information that is not related to any issue in this case, and she further states that this information is not only irrelevant to the issues in this action, but will not reasonably lead to the discovery of admissible or relevant evidence. Furthermore, counter-complainant's husband and family members use the computer in her home and none of them are a party to this action and their financial information is confidential and private to each of them.

RFP 28 to ETSG sought:

> Produce for inspection by a forensic computer expert any computers owned by ETSG or used for any ETSG-related purpose, including but not limited to accounting, invoicing, and making any payments.

ETSG's response was:

> ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers that are on its computer, other than ACS. Without waiving said objection, and the issuance of a protective order, ETSG will be willing to prepare a copy disk [sic] of information concerning ACS only.

Despite ETSG's offer to produce a disk containing ACS information, it has not produced any additional information.

On July 12, 2007, ACS's counsel sent defense counsel a letter seeking resolution of these discovery issues. (See Exhibit G). On July 18, 2007, the Court issued an order permitting ACS to file this motion to compel.

On July 25, 2007, defense counsel used two documents as exhibits during a deposition of ACS witnesses that were never produced in discovery and have not been produced since.

## II.    ARGUMENT

### A.    Defendants Should be Compelled to Provide the Information and Documents They Promised to Provide and to which They Have not Objected

In their July 2 responses, Peterson and ETSG promised to provide information or documents in response to 34 interrogatories and RFPs. Pursuant to the Court's June 19 order, the information and documents responsive to these requests should have been produced by June 29, 2007.

It has been nearly three months since ACS served discovery. There is simply no excuse for defendants' refusal to provide ACS with the requested information and documents. Indeed, defense counsel did not object or made only partial objections to these 34 interrogatories and RFPs and yet no information or documents have been provided.

Accordingly, ACS asks the Court to enter an order compelling responses to these interrogatories and RFPs within five days of the date of the order.[7]

Likewise, ACS asks the Court to compel Peterson and ETSG to provide, within 5 days of the Court's order, contact information for the individuals identified in interrogatories 3 and 15 to Peterson and 3 and 7 to ETSG. These are all individuals who purportedly worked for ETSG or applied to work for ETSG or ACS. Defense counsel has not objected to providing this contact information. ACS needs this information to contact and/or subpoena these witnesses to further develop the facts of its case.

---

[7] These are Interrogatory 8 to Peterson; RFPs 20, 23, 30, 31, 32, 34, 35, 38, 40, 42, 43, 44, 46, and 47 to Peterson; Interrogatories 6, 11, 13, and 14 to ETSG; and RFPs 3, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, and 22 to ETSG.

**B.**    **Defendants Have Waived Their Objections**

Fed. R. Civ. P. 33(b)(4) provides:

> All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

D.C. federal courts hold that "the failure to object [to an interrogatory] within the time fixed for its answer generally constitutes a waiver of any objection." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 62 (D.D.C. 1984); *see Fonville v. District of Columbia*, 230 F.R.D. 38 (D.D.C. 2005) (finding untimely objections waived and ordering party to provide "full and complete" responses to interrogatories).[8]

Although Rule 34 covering RFPs does not explicitly contain a waiver provision, D.C. federal courts also hold that a failure to object timely to RFPs constitutes a waiver of objections. In *Fonville*, the D.C. federal court explained:

> Unlike Rule 33, Rule 34 does not contain an automatic waiver provision as a consequence of failing to file a timely objection, but . . . courts have held that the failure to timely file an objection to a request for production of documents may be deemed a waiver.

230 F.R.D. at 42; *see Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855, *9-10 (D.D.C. 1998) (defendant waived objections to RFPs by failing to timely object).[9]

Here, defendants' discovery responses were originally due June 3, 2007. ACS consented to an extension of the response deadline to June 29, and the Court ordered defendants to provide written responses and copies of all documents by June 29. Despite the Court's order, defendants

---

[8] *See also; Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651 (D. Md. 1997) ("Without a showing of good cause, defendant's failure to respond to the interrogatories ordinarily compels the conclusion that the untimely objection is waived."); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41-42 (D. Conn. 1989) ("in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection.").

[9] *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Fed. R. Civ. P. 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

missed the June 29, 2007 deadline. Under D.C. law, defendants have waived their objections to ACS' interrogatories and RFPs.

Accordingly, as the Court ordered in *Fonville*, ACS asks the Court to compel Peterson and ETSG to provide full and complete responses to all interrogatories and RFPs, within five days of the Court's order, without regard to any untimely objections.

### C.    Defendants' Objections Are Also Without Merit

#### 1.    Information About ETSG's Other Clients Is Relevant

Defendants object on relevance grounds to numerous interrogatories and RFPs because they seek information or documents about ETSG's relationship with and income from other clients. This information is relevant for several purposes. First, ACS alleges Peterson and ETSG are alter egos and seeks to hold Peterson personally liable for ETSG's breach of contract and breach of good faith and fair dealing. (Compl. ¶¶ 80, 85). ACS contends ETSG was created by Peterson for the sole purpose of defrauding ACS, and ETSG has no, or negligible, income from other sources. Indeed, although Peterson hired ETSG as a contractor for ACS in October 2005, a document produced by ETSG shows Peterson did not create ETSG until December 2005. (See Exhibit H).

Second, ACS seeks punitive damages from ETSG. ETSG's total revenue and profit are relevant to ACS's claims for punitive damages.

Third, ACS contends Peterson inflated Audrey McLaren's hours when Peterson submitted ETSG invoices to ACS for payment. Ms. McLaren's hours worked for other ETSG clients during this same time period is relevant to determining the legitimacy of invoices claiming Ms. McLaren's worked full-time for ACS. (and for any other contractors ETSG claims worked on ACS's account).

Fourth, the Court has entered a comprehensive stipulated protective order. Defendants may mark as "Confidential" any documents or information concerning other ETSG clients. Therefore, there is no concern this information will be disclosed outside of this litigation.

For all these reasons, ACS asks the Court to compel defendants' responses to interrogatories and RFPs concerning the extent of ETSG's work for and payment from other clients within five days of the date of the Court's order.[10]

### 2.      Peterson's Wire Transfers Are Clearly Relevant

ACS has alleged Peterson withdrew funds from ETSG accounts and transferred them to other accounts in an attempt to conceal her fraud. (Compl. ¶ 21). ACS made this allegation because, when boxing up Peterson's belongings from her office, ACS discovered receipts for wire transfers to out-of-state banks. Peterson's wiring ill-gotten funds from either her personal account or an ETSG account as part of her scheme is a predicate RICO act. Records of wire transfers are thus clearly relevant to this lawsuit.

Accordingly, ACS asks the Court for an order compelling Peterson to produce documents responsive to RFP 24 and ETSG to produce documents responsive to RFP 23 within five days of the Court's order.

### 3.      ACS Is Entitled to Inspect Defendants' Computers

When there is evidence that a party has altered documents electronically, it is appropriate for the Court to grant the opposing party access to the computers containing the documents. For example, in *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, 2006 U.S. Dist. LEXIS 10838 (N.D. Ill. 2006), the defendant altered documents by converting documents on DVDs into TIFF files and then turning the new documents over to the plaintiff. *Id.* *8-9. The federal district

---

[10]  These are, in whole or in part, RFPs 20, 23, 38, 41, 46, and 47 to Peterson; RFPs 7, 10, 17, 18, 22, 24, and 27 to ETSG; and interrogatory 4 to ETSG.

court held the plaintiff should be given access to the original computer files so that the plaintiff could examine the creation and modification dates of documents, e-mail attachments and recipients, and metadata. *Id.*

Here, as in *Hagenbuch*, the evidence shows ETSG and/or Peterson have altered documents electronically before producing them. Exhibit E contains an example of an ETSG invoice submitted by Peterson to ACS for payment when Peterson worked for ETSG – clearly showing ETSG was claiming Audrey McLaren worked the 40 hours being billed. Exhibit F contains an example of an invoice ETSG has produced in this case – with Ms. McLaren's name deleted! As the federal court held in *Hagenbuch*, this alteration of key documents entitles ACS to examine creation and modification dates, metadata, and other forensic computer information that would explain this alteration.

In addition, Peterson's concern that ACS would have access to her confidential information is alleviated by the stipulated protective order. Peterson may designate all computer files "Confidential" pursuant to the terms of the protective order. ACS will also agree to provide Peterson with an index of all computer files reviewed and to return to Peterson and/or destroy any files on her personal computer that are not relevant to this case. With these safeguards in place, there is no reason Peterson cannot produce her computer for inspections.

ACS asks the Court to compel Peterson to comply with RFP 29 and to compel ETSG to comply with RFP 28 and permit ACS to inspect Peterson's and ETSG's computers.[11]

---

[11] At an absolute minimum, ACS should be permitted to inspect all computers on which any ETSG invoices and other documents have been stored, drafted, or edited at any time.

**D.      ACS Is Also Entitled To Sanctions**

Rule 37 (d) provides:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories
> . . . or (3) to serve a written response to a request for inspection submitted
> under Rule 34 . . . the court in which the action is pending on motion may
> make such orders in regard to the failure as are just . . . In lieu of any order
> or in addition thereto, the Court *shall* require the party failing to act or the
> attorney advising that party or both to pay the reasonable expenses,
> including attorney's fees, caused by the failure . . .

*See also* Rule 37(a)(4) ("If the motion [to compel] is granted, the Court *shall* . . . require the

party . . . whose conduct necessitated the motion or the party or attorney advising such conduct

or both of them to pay to the moving party the reasonable expenses incurred in making the

motion, including attorney's fees. . .").

Here, defendants have caused ACS to file this motion to compel and spend time

attempting to gain their compliance with discovery despite a Court order requiring responses by

June 29.  Under Rule 37, ACS is entitled to its expenses, including attorneys' fees.  ACS is

requesting $3,000 for this amount (i.e. $1,500 from each defendant).  If the Court desires, ACS

can submit a petition for fees, which will exceed this amount.

There is also no doubt that defendants' discovery abuses and violations of the Court's

June 19 order have been "willful."   A D.C. federal court has explained when a violation is

considered "willful":

> [N]oncompliance with discovery orders is considered willful when the
> court's orders have been clear, when the party has understood them, and
> when the party's non-compliance is not due to factors beyond the party's
> control.

*Smith v. O'Neill*, 2001 U.S. Dist. LEXIS 12575 *13-14 (D.D.C. 2001).

Here, the Court's June 19 could not have been more clear – "defendants to provide . . .

written responses to all outstanding discovery, and copies of all responsive documents by close

of business on 6/29/07." In response to this order, defendants failed to answer over 50 interrogatories and RFPs, ETSG provided only a handful of documents responsive to only three RFPs (some of which appear to have been altered), and Peterson did not produce a single document.

As an appropriate sanction for this willful conduct, ACS asks that Peterson and ETSG be fined an additional $5,000 ($2,500 per defendant).

## III.     Conclusion

For the foregoing reasons, ACS asks the Court to grant its motion to compel and for sanctions and enter the attached order.

<div style="margin-left: 40%;">

Respectfully submitted,

JACKSON LEWIS LLP

</div>

Dated: July 30, 2007          By:     /S/_____
                                      John M. Remy (D.C. Bar No. 461244)
                                      Jennifer A. Harper (*admitted 2/9/2007; bar no.*
                                      *pending*)
                                      8614 Westwood Center Drive
                                      Suite 950
                                      Vienna, Virginia 22182
                                      (703) 821-2189
                                      (703) 821-2267 Facsimile
                                      remyj@jacksonlewis.com
                                      harperj@jacksonlewis.com
                                      ATTORNEYS FOR PLAINTIFF/COUNTER-
                                          DEFENDANT

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Complainant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT/COUNTER-COMPLAINANT'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant/counter-complainant Nekol Bell Peterson makes the following answers and responses to plaintiff American Chemical Society's First Set of Interrogatories served upon her by mail:

## GENERAL OBJECTIONS

Defendant/counter-complainant objects to the interrogatories served upon her by plaintiff to the extent that they exceed the number of

interrogatories permitted by the Rules of Civil Procedure, to the extent that the interrogatories request privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the interrogatories requested information that is not relevant to any issue involved with this action or such interrogatory is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial.    Without waiving any of these objections, defendant/counter-complainant answers and responds as follows.

## INTERROGATORIES

1.    Identify the person or persons answering these Interrogatories and each person who provided information that was used in preparing the responses to these interrogatories.

ANSWER:

Defendant ETSG, through its corporate designate and representative, Audrey McLaren, defendant/counter-complainant Nekol Bell Peterson, and their counsel of record, Wayne Marcus Scriven, Esq., provided information and assisted with the preparation of these responses to plaintiff's interrogatories.

2.    Identify each document reviewed or referred to in preparing responses to these interrogatories.

-2-

ANSWER:

The information providers and preparers of these responses reviewed and referred to all of the documents provided to plaintiff pursuant to its request for production of documents that are served along with these answers and responses to interrogatories.

3.    Identify each person known to Peterson to have knowledge of facts relating to any allegation in the Complaint or Counterclaim or any defense raised by Peterson or ETSG in their answer to the Complaint, and for each such person, state all the facts believed to be known by that person.

ANSWER:

Ms. Bell Peterson identifies the following individuals whom she believes have information that defendants/cross-complainant  may use in her defense and to support counter-complainant's claims:

a.    William Mooney, whose contact information is known to plaintiff as its current or former employee

Mr. Mooney was plaintiff's representative who executed a written employment agreement and contracts with defendants/counter-complainant for information technology, technical support, and administrative services at all times relevant to plaintiff's complaint.    This witness has information concerning defendants/counter-complainant's ethical and proper performance of services for plaintiff and the proper billing and invoicing of plaintiff for these services.

-3-

b.   Kathleen Cullins, whose contact information is known to plaintiff as its current or former employee

Ms. Cullins was plaintiff's employee who worked with defendants/counter-complainant to assess and monitor their proper performance of duties and proper billing and invoicing for services rendered by defendants/counter- complainant.

c.   Robert Taylor, whose contact information is known to plaintiff as its current or former employee

Mr. Taylor was plaintiff's employee in its IT Department, as Director, who has personal knowledge of the work that defendants/counter-complainant provided to plaintiff ACS.

d.   Maureen Rogers, whose contact information is known to plaintiff as its current or former employee

Ms. Rogers was plaintiff's employee in its Finance Department who worked with defendants/counter-complainant to assess and monitor their proper performance of duties and proper billing and invoicing for services rendered by defendants/cross-complaint.

e. Evelyn Ciers, whose contact information is known to plaintiff as its current or former employee

Ms. Ciers was plaintiff's employee in its Human Resources Department who assisted with the preparation and execution of counter-complainant's

-4-

Employment Agreement with plaintiff. She has personal knowledge of the negotiations undertaken by the parties for the terms and conditions contained in the final executed draft of the Employment Agreement.

f. Genaro Montanez, whose contact information is known to plaintiff as its current or former employee

Mr. Montanez was plaintiff's employee in its Human Resources Department who assisted with the preparation and execution of counter-complainant's Employment Agreement with plaintiff. He has personal knowledge of the negotiations undertaken by the parties for the terms and conditions contained in the final executed draft of the Employment Agreement. Also, Mr. Montanez was involved with defendants' contractors' performance and providing of information technology services and technical support to plaintiff.

g.    Audrey McLaren, Vice President for defendant Enterprise Technology Services Group, LLC, and corporate designate and representative in this action, who should be contacted through counsel for defendants and counter-complainant in this action

Ms. McLaren is thoroughly knowledgeable about the work performed by defendants/counter-complainant and their proper and accurate billing and invoicing practices, while providing services to plaintiff.

h.    Matrice Aaron Hunt, whose current contact information is being verified by defendants/counter-complainant;    a supplemental

-5-

response will be provided to this interrogatory with this contact information.

Hunt was a contractor of defendants who provided services to plaintiff through defendants. This witness has evidence concerning the actual work performed for plaintiff and the proper billing and invoicing given to plaintiff.

I.    David Smith, Sr., whose current contact information is being verified by defendants/counter-complainant; a supplemental response will be provided to this interrogatory with this contact information.

Smith was a contractor of defendants who provided services to plaintiff through defendants. This witness has evidence concerning the actual work performed for plaintiff and the proper billing and invoicing given to plaintiff.

4.    State Peterson's full name, current address, all addresses for the past 10 years, any other name Peterson has used or by which she has been known, the dates she was known by such name, the reasons for each name change, and every social security number she has used.

ANSWER:

Ms. Bell Peterson's current address is 1839 Barrington Court, Mitchellville, Maryland 20721. She has lived at this address since April 2006 and her previous address within the past ten years, excluding this current address was 815 Faraway Court, Mitchellville, MD 20721, where she lived for the prior approximately eight years. She has used the name of Nekol Bell, with the only name change occurring in 2002, as a result of her

-6-

marriage to Alvin Peterson.

Ms. Bell Peterson objects to producing her full social security number in this non-confidential manner, in reliance on privacy and identity theft concerns and rights, but she gives her last four numbers of her social security number as 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.

5. Identify each educational institution Peterson attended and state the dates of attendance, whether Peterson received a degree or certificate, and the nature and the date of the degree or certificate, if applicable.

ANSWER:

Ms. Bell Peterson attended the following education institutions:

| Institution Name | Attendance Dates | Degree/Certificate Date |
|---|---|---|
| Spelman College | 1992-1996 | Bachelor of Science-1996 |

6. State whether Peterson applied for or received unemployment compensation, workers' compensation benefits or any other disability benefits before, during, or after Peterson's employment with ACS. If so, identify each agency, the date of the application, the amount of the benefit paid, and the period of time the benefit was paid.

ANSWER:

Ms. Bell Peterson did not apply for, or received, any of the benefits described by this interrogatory.

7. Identify each job or position of any nature Peterson has held since January 1, 1997, other than with ACS , including: the applicable company's last known address and telephone number; the date(s) of

-7-

employment/affiliation; plaintiffs job titles; and whether the relationship ended voluntarily or involuntarily.

    <u>ANSWER</u>:

Ms. Bell Peterson held the following jobs since January 1, 1997:

| <u>Employer</u> | <u>Employment Dates</u> | <u>Title</u> | <u>Separation</u> |
|---|---|---|---|
| American Chemical Society | March 1995- January 2007 | Project Lead | Involuntary |

    8.  Identify each job or position of any nature that you applied for during the time period from February 1, 2005 to the present, but did not obtain.

    <u>ANSWER</u>:

| <u>Prospective Employer</u> | <u>Position</u> | <u>Application Date</u> | <u>Result</u> |
|---|---|---|---|
| To Be Provided | | | |

    9.  Identify all current or former ACS employees with whom you have communicated since January 24, 2007. Include in your answer the date and form of the communication and describe the substance of the communication.

    <u>ANSWER</u>:

Ms. Bell Peterson has not talked to anyone, yet, at ACS about this case. However, her discovery and trial preparations are continuing and may lead to contacts with former ACS' employees, pursuant to the applicable rules regarding contacts with former employees.

    10.  If you are seeking an award of any sum of money through the Counterclaim, whether by damages or otherwise, state the full amount of money for each type of damage sought and describe the manner in which the

amount was calculated. Your description should include each element of damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation.

ANSWER:

Ms. Bell Peterson is seeking the entire amount of the liquidated damages stated in the parties' employment agreement contract in the amount of $95,000, as well as an additional sum that has not been completely calculated by her attorney, including reasonable attorney's fees. ACS owes compensation to Ms. Bell Peterson for the hours that she worked in January 2007 and for the one month that remained in 2007 on her contract at the time that ACS constructively discharged her as an employee. Ms. Bell Peterson will seasonably supplement this interrogatory answer once her attorney has completed the calculations.

11. State whether Peterson has been arrested during the last ten years for any reason. If so, state the time, date, arresting authority, offense(s) charged, and the status/outcome of each matter.

ANSWER:

Ms. Peterson has not been arrested for any reason in her entire life.

12. State whether Peterson has been a defendant or a plaintiff in any civil or criminal legal action (including workers' compensation). If so, describe each legal action, including the caption of the case, the forum, the case number, the substance of the complaint, plaintiffs role in the action and the status/outcome of the matter.

ANSWER:

Ms. Bell Peterson has never been a defendant or plaintiff in any civil or criminal legal action.

13. Identify, as provided in Instruction 7.a above, Audrey McLaren.

ANSWER:

Ms. Audrey McLaren is defendant ETSG's Vice President and corporate designate and representative in this action; she should be contacted through defendant ETSG's counsel of record.

14. Identify, as provided in Instruction 7.a above, Matice Aaron, a.k.a. Matice Aaron Hunt.

ANSWER:

Matrice Aaron has an ownership interest defendant ETSG, whose current contact information is being ascertained by defendants/counter-complainant and will be provided to plaintiff as a supplemental answer and response to this interrogatory.

15. Identify every contractor or vendor, whether an individual or corporation, you hired or retained, or sought permission to hire or retain, as an ACS employee.

ANSWER:

| Contractor/Vendor | Date of Hire |
|---|---|
| Udaya Kumar | Did not accept offer |

16. Identify all bank accounts/credit union accounts opened or maintained by Peterson since January 1, 2005. Include in your answer the name of the bank/credit union, the address of the bank/credit union, the account number, the person who opened the account, the date the account

was opened, the date the account was closed (if applicable) and all persons who were able to withdraw funds or make other transactions with respect to the account.

ANSWER:

Ms. Bell Peterson objects to providing her bank account numbers without a Protective Order because of privacy and identity theft concerns. Without waiving this objection, she provides the following accounts:

| Bank Name/Address | Account Opened | Names on Account |
|---|---|---|
| First Citizen Bank North Carolina | 1992 | Nekol Bell |
| NASA Federal Credit Union Greenbelt, MD | 2003 | Nekol Bell Peterson |
| Wells Fargo Bank California | 2006 | Nekol Bell Peterson |

Respectfully submitted,

Dated: July 2, 2007    BY: _Wayne Marcus Scriven_

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

-11-

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-COMPLAINANT
NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant/Counter-Complainant"'s Responses to Plaintiff's First Set of Interrogatories was faxed and mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

I faxed and deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on July 2, 2007, after first affixing sufficient postage on it.

Dated: July 2, 2007                    BY: _____
                                          Wayne Marcus Scriven

-13-

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Complainant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT/COUNTER-COMPLAINANT'S RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant/counter-complainant Nekol Bell Peterson (hereafter, "Bell Peterson") makes the following responses to plaintiff American Chemical Society's (hereafter, "ACS") First Request for Production of Documents served upon her by mail:

### GENERAL OBJECTIONS

Defendant/counter-complainant objects to the request for production of

documents served upon her by plaintiff to the extent that they exceed the number of requests permitted by the Rules of Civil Procedure and the Local Rules of this Court, to the extent that the request seeks the production of documents with privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the request for documents seeks documents with information that is not relevant to any issue involved with this action or such document requested is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial. Without waiving any of these objections, defendant/counter-complainant responds as follows.

## DOCUMENTS TO BE PRODUCED

1. All documents relied upon to answer ACS' Interrogatories.

### RESPONSE:

The requested documents that are in defendant/counter-complainant's possession, custody, and control are being produced with the succeeding responses to various requests for production of documents that have been responded to by Ms. Bell Peterson and provided to plaintiff ACS in conjunction with these responses.

2. All documents relating to any communication with any current or former employee or agent of ACS from January 1, 2005 to the present.

RESPONSE:

No such documents exists, other than internal documents that were created when Ms. Bell Peterson was performing under her employment agreement contract with ACS, which are now in the exclusive possession of ACS.

3.    All documents relating to any occasions on which you were ever warned, reprimanded, counseled, disciplined, or discharged from any place of employment.

RESPONSE:

No such documents exists, because Ms. Bell Peterson was never the recipient of any such action by an employer.

4.    The original, or the original copy given to you, of the March 3, 2005 contract allegedly signed by you and Bill Mooney for inspection by a forensic expert document examiner.

RESPONSE:

Ms. Bell Peterson provided these documents to plaintiff ACS on June 18, 2007 through her counsel's office.

5.    All documents relating to the alleged March 3, 2005 contract purportedly signed by you and Bill Mooney.

RESPONSE:

No such other documents exists, according to Ms. Bell's recollections.

6. All documents relating to your employment with ACS or the cessation of your employment with ACS.

RESPONSE:

Ms. Bell Peterson does not currently have possession, custody, and control of any of the requested documents because plaintiff ACS took possession, custody, and control of her property when it placed her on suspension from work and ordered her to leave the business premises.

7. All documents you received from ACS prior to, during, or after your employment with ACS, including but not limited to any employee handbooks, policy statements, memoranda, or guidelines.

RESPONSE:

Ms. Bell Peterson does not currently have possession, custody, and control of any of the requested documents because plaintiff ACS took possession, custody, and control of her property when it placed her on suspension from work and ordered her to leave the business premises.

8. All documents created or retained by Peterson to record events and/or communications that occurred during your employment with ACS, including diaries, journals, calendars, blogs, etc.

RESPONSE:

Ms. Bell Peterson does not currently have possession, custody, and

control of any of the requested documents because plaintiff ACS took possession, custody, and control of her property when it placed her on suspension from work and ordered her to leave the business premises.

9.    All documents relating to Audrey McLaren, including all communications between you and Ms. McLaren.

RESPONSE:

Ms. Bell Peterson does not currently have possession, custody, and control of any of the requested documents because plaintiff ACS took possession, custody, and control of her property when it placed her on suspension from work and ordered her to leave the business premises.

10.    All documents relating to Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between you and Ms. Aaron (Hunt).

RESPONSE:

Ms. Bell Peterson is not currently aware of any such documents.

11.    All documents relating to any officer, director, owner, member, shareholder, representative, employee or agent of ETSG, including all communications between you and any such person.

RESPONSE:

Ms. Bell Peterson is not currently aware of any such documents.

12.    All documents relating to the creation, formation, or organization of ETSG.

RESPONSE:

The requested documents that are in plaintiff's possession, custody, and control are attached to ETSG's responses to plaintiff's documents request as Attachment 3.

13. All documents relating to any payments, reimbursements, or monies you received from ETSG between January 1, 2003 and the present.

RESPONSE:

Counter-complainant is not aware of any such documents.

14. Your federal and state tax returns from 2003, 2004, 2005, 2006, and 2007.

RESPONSE:

Ms. Bell Peterson is accumulating the requested documents and will provide them to plaintiff within the next seven days.

15. All documents relating to every bank account/credit union account opened or maintained by you since January 1, 2005, including those accounts identified by your in response to Interrogatory no. 16, including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

Ms. Bell Peterson objects to providing her financial accounts and

baking information without the Court's Protective Order because of privacy rights and potential identity theft by third parties. Otherwise, Ms. Bell Peterson does not have nay documents to produce in response to this request.

16. All documents relating to any contractors or vendors you hired or retained, or sought permission to hire or retain, as an ACS employee.

RESPONSE:

Ms. Bell Peterson does not currently have possession, custody, and control of any of the requested documents because plaintiff ACS took possession, custody, and control of her property when it placed her on suspension from work and ordered her to leave the business premises.

17. All documents relating to the hours any contractor or vendor worked for ACS, including ETSG.

RESPONSE:

The requested documents that are in plaintiff's possession, custody, and control have been produced by ETSG as Attachment 2.

18. All documents relating to the amounts billed or charged to ACS by any contractor or vendor, including ETSG.

RESPONSE:

Ms. Bell Peterson does not currently have possession, custody, and control of any of the requested documents because plaintiff ACS took

possession, custody, and control of her property when it placed her on suspension from work and ordered her to leave the business premises.

19.   All documents relating to the amounts paid by ACS to any contractor or vendor, including ETSG.

RESPONSE:

Ms. Bell Peterson does not currently have possession, custody, and control of any of the requested documents because plaintiff ACS took possession, custody, and control of her property when it placed her on suspension from work and ordered her to leave the business premises.

20.   All documents relating to any amount paid or provided by ETSG to any person, including independent contractors, employees, and other persons.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days, except confidential information and proprietary information related to clients and customers other than plaintiff, which is objected to and subject to a confidentiality agreement.

21.   All documents relating to any legal action responsive to Interrogatory no. 12.

RESPONSE:

No such legal action occurred, therefore, there are no documents of this type to be produced to plaintiff.

22. For each job identified by you in response to Interrogatory No. 7, all documents describing your job title and/or responsibilities, any written employment contracts, any discipline you received, the termination of your employment, and your rate of compensation.

RESPONSE:

No such documents exist, according to counter-complainant's information and belief.

23. All documents relating to any income received by you from any source since January 1, 2003, including, but not limited to, pay stubs, and Forms W-2 or 1099s.

RESPONSE:

Ms. Bell Peterson objects to providing her financial information from any source because of her privacy interests and identity theft considerations, with the exception of information concerning plaintiff. Otherwise, Ms. Bell Peterson will produce the relevant documents within the next seven days.

24. All documents relating to any wire or electronic transfers of any funds from or initiated by Peterson to any person (including Peterson)

from January 1, 2005 to the present, including but not limited to all transfers from NASA Federal Credit Union to a First Citizens Bank in Darlington, South Carolina.

RESPONSE:

Ms. Bell Peterson objects to providing its confidential clients' list or it proprietary business information, and it further states that this information is irrelevant to issues in this action and will not reasonably lead to the discovery of admissible or relevant evidence.

25.    All documents relating to all actions, if any, that you have taken to mitigate the damages allegedly caused to you by ACS in the Counterclaim.

RESPONSE:

No such documents are in counter-complainant's possession, custody, and control.

26.    All documents relating to any collection actions against you or Alvin Peterson or communications between you and/or Alvin Peterson and any collection agency/company since January 1, 2004, including but not limited to Alacrity Collections Corporation.

RESPONSE:

Ms.  Bell  Peterson  objects  to  providing  her  personal  and

confidential financial information that is not related to any issue in this case, and she further states that this information is not only irrelevant to issues in this action but will not reasonably lead to the discovery of admissible or relevant evidence.    Furthermore, counter-complainant's husband is not a party to this action and his financial information is confidential and private to him.

27.    All documents relating to any past due debts, or allegedly past dues debts, relating to you and/or Alvin Peterson since January 1, 2004, including but not limited to any credit reports showing any such debts/alleged debts.

RESPONSE:

Ms. Bell Peterson objects to providing her personal and confidential financial information that is not related to any issue in this case, and she further states that this information is not only irrelevant to issues in this action but will not reasonably lead to the discovery of admissible or relevant evidence.    Furthermore, counter-complainant's husband is not a party to this action and his financial information is confidential and private to him.

28.    All documents relating to any liens, including any tax liens, assessed or instituted against you and/or Alvin Peterson or any back

taxes owed by you and/or Alvin Peterson, or allegedly owe by you and/or Alvin Peterson, to any taxing authority since January 1, 2005.

RESPONSE:

Ms. Bell Peterson objects to providing her personal and confidential financial information that is not related to any issue in this case, and she further states that this information is not only irrelevant to issues in this action but will not reasonably lead to the discovery of admissible or relevant evidence.   Furthermore, counter-complainant's husband is not a party to this action and his financial information is confidential and private to him.

29.    Produce for inspection by a forensic computer expert any personal computer owned by you or used in your home by any person.

RESPONSE:

Ms. Bell Peterson objects to providing her personal computer for examination of her personal and confidential financial information that is not related to any issue in this case, and she further states that this information is not only irrelevant to the issues in this action, but will not reasonably lead to the discovery of admissible or relevant evidence. Furthermore, counter-complainant's husband and family members use the computer in her home and none of them are a party to this action

and their financial information is confidential and private to each of them.

30.    All documents relating to each educational institution identified in response to Interrogatory no. 5.

RESPONSE:

Ms. Bell Peterson is accumulating the requested documents and will provide them to plaintiff within the next seven days.

31.    All documents relating to your response to Interrogatory no. 6.

RESPONSE:

Ms. Bell Peterson is accumulating the requested documents and will provide them to plaintiff within the next seven days.

32. All documents relating to the damages you are seeking in the Counterclaims, including all documents relating to your response to Interrogatory no. 10.

RESPONSE:

Ms. Bell Peterson is accumulating the requested documents and will provide them to plaintiff within the next seven days.

33. All documents relating to any arrest of Peterson in the past 10 years or any civil or criminal legal action in which Peterson was a plaintiff or defendant.

RESPONSE:

Ms. Bell Peterson has never been arrested for any reason, therefore, she does not have any of the requested documents.

34.    All documents, including all contracts, purchase orders, or invoice approvals/verifications, you signed on behalf of ACS or as an ACS employee or agent.

RESPONSE:

Ms. Bell Peterson is accumulating the requested documents and will provide them to plaintiff within the next seven days.

35.    All documents relating to all contracts between ETSG and ACS.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

36.    All documents relating to work performed or services provided by ETSG for ACS.

RESPONSE:

The requested documents have been produced by ETSG as Attachment 2.

37.    All documents relating to hours worked or recorded by any ETSG employee or contractor or other person where such hours or work

relate in any way to ACS or any ACS project.

RESPONSE:

The requested documents have been produced by ETSG as Attachment 2.

38. All documents relating to hours worked or recorded by Audrey McLaren, regardless of the ETSG client or customer, from January 1, 2005 to the present.

RESPONSE:

Ms. Bell Peterson objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Without waiving said objection,     ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

39. All documents relating to bills, invoices, or charges submitted to ACS by ETSG, including all documents relating to hours worked or services performed that were the subject of the bill, invoice, or charge.

RESPONSE:

The requested documents have been produced by ETSG as Attachment 2.

40. All documents relating to all payments of any type or nature

received by ETSG from ACS.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

41.  All documents relating to all payments of any type or nature received by ETSG from any client or customer other than ACS from January 1, 2004 to the present.

RESPONSE:

Counter-complainant objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS.

42.  All documents relating to ETSG's relationship with or employment of Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between ETSG and Ms. Aaron (Hunt).

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

43.  All documents relating to ETSG's relationship with or employment of Audrey McLaren, including all communications between ETSG and Ms. McLaren.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

44.  All documents identifying the current and former officers, directors, owners, members, shareholders, representatives, employees or independent contractors of ETSG.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

45.  All documents relating to the creation, formation, or organization of ETSG.

RESPONSE:

The requested documents have been produced by ETSG as Attachment 3.

46.  All documents relating to ETSG's bylaws, articles of incorporation, and licenses to do business in any state. All documents relating to every bank account/credit union account opened or maintained by ETSG since January 1, 2005, including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Also, ETSG objects to produce its financial information regarding ACS with identifying account numbers without a Protective Order. Without waiving said objection, in regards to the non-financial information requested, ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

47.    All documents relating to ETSG's finances and financial accounting for the years 2004, 2005, 2006, and 2007, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Also, ETSG objects to produce its financial information regarding ACS with identifying account numbers without a Protective Order. Without waiving said objection, in regards to the non-financial information requested, ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

48.   All documents identified in or relating to your responses to the Interrogatories that were served herewith.

RESPONSE:

All such documents have been already produced pursuant to the preceding requests for documents.

49. All documents relating to any fact, allegation, or issue in this case.

RESPONSE:

No further documents currently exists but counter-complainant is continuing her discovery and preparations for trial, which may lead to additional documents. These documents will be seasonably produced to plaintiff as a supplement to these discovery responses.

Respectfully submitted,

Dated:  July 2, 2007          BY: _____
                              Wayne Marcus Scriven, Esq.
                              SCRIVEN LAW OFFICES
                              1655 North Fort Myer Drive
                              Suite 700
                              Arlington, VA 22209
                              Tel. (703) 248-2608
                              Fax. (703) 351-5298
                              DC BAR No. 438642
                              w-marcus-scriven@msn.com

-19-

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE    TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-COMPLAINANT
NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant/Counter-Complainant's Responses to Plaintiff's First Request for Production of Documents was faxed and mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

I faxed and deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on July 2, 2007, after first affixing sufficient postage on it.

Dated: July 2, 2007            BY: _____
                                    Wayne Marcus Scriven

-21-

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Complainant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Enterprise Technology Services Group, LLC, (hereafter, "ETSG") makes the following answers and responses to plaintiff American Chemical Society's (hereafter, "ACS") First Set of Interrogatories served upon it by mail:

/ / / / /

/ / / / /

## GENERAL OBJECTIONS

Defendant objects to the interrogatories  served upon it by plaintiff to the extent that they exceed the number of interrogatories permitted by the Rules of Civil Procedure, to the extent that the interrogatories request privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the interrogatories requested information that is not relevant to any issue involved with this action or such interrogatory is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial. Without waiving any of these objections, defendant ETSG answers and responds as follows.

## INTERROGATORIES

1.      Identify the person or persons answering these Interrogatories and each person who provided information that was used in preparing the responses to these interrogatories.

ANSWER:

Defendant ETSG, through its corporate designate and representative, Audrey McLaren (Corporate Vice-President), defendant/counter-complainant Nekol Bell Peterson, and their counsel of record, Wayne Marcus Scriven, Esq., provided information and assisted with the preparation of these responses to plaintiff's interrogatories.

2.      Identify each document reviewed or referred to in preparing

responses to these interrogatories.

ANSWER:

The providers of information and preparers of these responses reviewed and referred to all of the documents provided to plaintiff pursuant to its request for production of documents that are served along with these answers and responses to interrogatories.

3.    Identify each person known to ETSG to have knowledge of facts relating to any allegation in the Complaint or Counterclaim or any defense raised by ETSG or Peterson in their answer to the Complaint, and for each such person, state all the facts believed to be known by that person.

ANSWER:

ETSG identifies the following individuals whom it believes have information that defendants/cross-complainant may use in their defense and to support counter-complainant's claims:

    a.    William Mooney, whose contact information is known to plaintiff as its current or former employee

Mr. Mooney was plaintiff's corporate agent and representative who executed a written employment agreement and contracts with defendants/counter-complainant for information technology services, technical support, and administrative services at all times relevant to plaintiff's complaint. This witness has information concerning defendants/counter-complainant's ethical and proper performance of services for plaintiff and the proper billing and invoicing of plaintiff for these services.

    b.    Kathleen Cullins, whose contact information is known to plaintiff as its current or former employee

Ms. Cullins was plaintiff's employee who worked with

-3-

defendants/counter-complainant to assess and monitor their proper performance of duties and the proper billing and invoicing for services rendered by defendants/counter- complainant.

    c.    Robert Taylor, whose contact information is known to plaintiff as its current or former employee

Mr. Taylor was plaintiff's employee in its IT Department, as Director, who has personal knowledge of the work that defendants/counter-complainant provided to plaintiff ACS.

    d.    Maureen Rogers, whose contact information is known to plaintiff as its current or former employee

Ms. Rogers was plaintiff's employee in its Finance Department who worked with defendants/counter-complainant to assess and monitor their proper performance of duties and the proper billing and invoicing for services rendered by defendants/cross-complaint.

    e. Evelyn Ciers, whose contact information is known to plaintiff as its current or former employee

Ms. Ciers was plaintiff's employee in its Human Resources Department who assisted with the preparation and execution of counter-complainant's Employment Agreement with plaintiff. She has personal knowledge of the negotiations undertaken by the parties for the terms and conditions contained in the final executed draft of the Employment Agreement.

    f. Genaro Montanez, whose contact information is known to plaintiff as its current or former employee

Mr. Montanez was plaintiff's employee in its Human Resources Department who assisted with the preparation and execution of counter-complainant's Employment Agreement with plaintiff. He has personal

-4-

knowledge of the negotiations undertaken by the parties for the terms and conditions contained in the final executed draft of the Employment Agreement. Also, Mr. Montanez was involved with defendants' contractors' performance and providing of services and technical support to plaintiff.

g.　　Audrey McLaren, Vice President for defendant Enterprise Technology Services Group, LLC, and corporate designate and representative in this action, who should be contacted through counsel for defendants and counter-complainant in this action

Ms. McLaren is thoroughly knowledgeable about the work performed by defendants and their proper and accurate billing and invoicing practices, while providing services to plaintiff.

h.　　Matrice Aaron Hunt, whose current contact information is being verified by defendants/counter-complainant; a supplemental response will be provided to this interrogatory with this contact information.

Hunt has an ownership interest in ETSG who provided services to plaintiff through defendants. This witness has evidence concerning the actual work performed for plaintiff and the proper billing and invoicing given to plaintiff.

I.　　David Smith, Sr., whose current contact information is being verified by defendants/counter-claimant; a supplemental response will be provided to this interrogatory with this contact information.

Smith was a contractor of defendants who provided services to plaintiff through defendants. This witness has evidence concerning the actual work performed for plaintiff and the proper billing and invoicing given to plaintiff.

4.　　Identify each ETSG customer or client or other person for whom ETSG has provided any services or performed any work since January 1, 2004 to the present.

ANSWER:

ETSG objects to providing its confidential clients' list or it proprietary business information, and it further states that this information is irrelevant to issues in this action and will not reasonably lead to the discovery of admissible or relevant evidence.

5.    Identify each officer, director, member, owner, shareholder, employee and independent contractor of ETSG from January 1, 2005 to the present. Include in your answer each person's affiliation/title with ETSG and the date(s) of each responsive person's affiliation/employment with ETSG.

ANSWER:

| Name | Title | Dates |
|------|-------|-------|
| Audrey McLaren | Vice President | 2003-present |
| Nekol Bell Peterson | President | 2003-present |
| Matrice Hunt | Vice President | 2003-present |

6.    For each individual identified in response to Interrogatory no. 6, state the amount of any and all compensation, money, reimbursements, or funds or remuneration of any type ETSG paid, transferred, or provided to that person for each of the following calendar years: 2005, 2006, 2007.

ANSWER:

| Name | Compensation Amount | Date |
|------|---------------------|------|

ETSG is in the process of accumulating this information and will provide it to plaintiff ACS within a few days as a supplement to this

-6-

interrogatory response.

7. Identify each contractor, employee or other person who performed any work or services for ACS for, by or through ETSG, including every contractor, employee or other person for whom ETSG billed or charged ACS for any time, work or services.

ANSWER:

| Service Provider | Dates | Payment |
|---|---|---|
| Steve Fradlin | June 2005-present | To be provided |
| Audrey McLaren | September 2005 | TBP |
| Matice Aaron | September 2005 | TBP |
| Rakesh Kumar | September 2005 | TBP |
| Rishi Sanditi | September 2005 | TBP |

(TBP=To be provided)

8. Describe ETSG's corporate structure and formation. Include in your answer the date(s) of ETSG's incorporation/formation, who incorporated/formed ETSG, and the state(s) in which ETSG was formed and/or is licensed to do business.

ANSWER:

| Corporate Status | Incorporators | Business License |
|---|---|---|
| LLC (S Corporation) | Audrey McLaren | TBP |
| | Nekol Bell Peterson | |

9. State all addresses, including P.O. Boxes or other mail drops, at which ETSG has conducted any business, maintained an office, or received any mail from January 1, 2005 to the present.

-7-

ANSWER:

| Corporate Address | Dates |
|---|---|
| Post Office Box 5127, Hampton Park, MD 20791 | Current |
| 9749 Good Luck Road, Seabrook, MD 20706 | " |
| India-Hyderabad, (A.P.) India-500 032 | " |

10.    Identify all bank accounts/credit union accounts opened or maintained by ETSG since January 1, 2005. Include in your answer the name of the bank/credit union, the address of the bank/credit union, the account number, the person who opened the account, the date the account was opened, the date the account was closed (if applicable) and all persons who were able to withdraw funds or make other transactions with respect to the account.

ANSWER:

ETSG objects to providing it bank account numbers without a Protective Order because of privacy and identity theft concerns.  Without waiving this objection, it provides the following accounts:

| Bank Name/Address | Account Opened | Names on Account |
|---|---|---|
| Branch Banking and Trust | 2003 | Audrey McLaren |
| 200 South College Street | | Nekol Bell Peterson |
| Charlotte, NC  28202 | | Matice Aaron |

11.  Identify all payments, wire transfers, or other exchanges of funds

or money from ETSG to Peterson since January 1, 2005. Include in your answer the amount and date of each payment, transfer or exchange.

ANSWER:

| Date of Payment | Amount of Payment | Nature of Payment |
|---|---|---|
| TBP | | |

12.    State ETSG's gross revenue and profits for the years 2005 and 2006.

ANSWER:

| 2005 | 2006 |
|---|---|
| Gross Revenue:    $160,000 | Gross Revenue:    $360,000 |
| Gross Profit:    $ TBP | Gross Profit: $80,000 |

13.    State the amounts ETSG billed or charged ACS for any work or services from January 1, 2005 to the present. Your answer should indicate the amounts billed or charged ACS on a month-by-month basis.

ANSWER:

| 2005   (By Contractor/Employee) | 2006 (Contractor/Employee) |
|---|---|
| January | January |
| TBP | |
| February | February |

-9-

| | |
|---|---|
| March | March |
| April | April |
| May | May |
| June | June |
| July | July |
| August | August |
| September | September |
| October | October |
| November | November |
| December | December |

14. For each month for which ETSG billed or charged ACS any amount, provide a breakdown of the hours worked and amount charged in that month for each individual ETSG contractor, employee or other person who performed any work or services for ACS for which ETSG billed or charged ACS.

ANSWER:

See Response to Interrogatory No. 13.

15. State whether ETSG has been a defendant or a plaintiff in any civil or criminal legal action. If so, describe each legal action, including the caption of the case, the forum, the case number, the substance of the complaint, ETSG's role in the action and the status/outcome of the matter.

ANSWER:

ETSG has never been a plaintiff or defendant in any civil or criminal

legal action.

Respectfully submitted,

Dated:  July 2, 2007

BY: _Wayne Marcus Scriven_____

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-COMPLAINANT
NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant ETSG's Responses to Plaintiff's First Set of Interrogatories was faxed and mailed to:

<div align="center">

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

</div>

I faxed and deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on July 2, 2007, after first affixing sufficient postage on it.

Dated: July 2, 2007                    BY: _____
                                           Wayne Marcus Scriven

-12-

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Complainant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC'S
RESPONSES TO PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS**

TO:   PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Enterprise Technology Services Group, LLC, (hereafter, "ETSG")makes the following responses to plaintiff American Chemical Society's (hereafter, "ACS") First Request for Production of Documents served upon it by mail:

<u>GENERAL OBJECTIONS</u>

Defendant objects to the request for production of documents  served

upon it by plaintiff to the extent that they exceed the number of requests permitted by the Rules of Civil Procedure and the Local Rules of this Court, to the extent that the request seeks the production of documents with privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the request for documents seeks documents with information that is not relevant to any issue involved with this action or such document requested is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial.    Without waiving any of these objections, defendant ETSG responds as follows.

## DOCUMENTS TO BE PRODUCED

1. All documents relied upon to answer ACS' Interrogatories.

RESPONSE:

The requested documents that are in ETSG's possession, custody, and control are being produced with the succeeding responses to various requests for production of documents that have been responded to by ETSG and provided to plaintiff ACS in conjunction with these responses.

2. All documents relating to any communication between ETSG and any current or former employee or agent of ACS from January 1, 2005 to the present.

RESPONSE:

No such documents exists, other than internal documents that were created when ETSG was performing under its contract with ACS, which are now in the exclusive possession of ACS.

    3. All documents relating to all contracts between ETSG and ACS.

RESPONSE:

The requested documents are being sought by ETSG but are not currently in its possession, custody, and control. However, ETSG anticipates that it will procure a copy of the same and will provide a copy to plaintiff ACS as a supplemental response to this interrogatory within the next few days.

    4. All documents relating to the alleged March 3, 2005 contract purportedly signed by Peterson and Bill Mooney.

RESPONSE:

The requested documents have been provided to plaintiff ACS via informal discovery and disclosure for forensic examination by ACS' handwriting expert.

    5. All documents relating to work performed or services provided by ETSG for ACS.

RESPONSE:

The requested documents that are in ETSG's possession, custody, and control are attached hereto as Attachment 1.

6. All documents relating to hours worked or recorded by any ETSG employee or contractor or other person where such hours or work relate in any way to ACS or any ACS project.

RESPONSE:

The requested documents that are in ETSG's possession, custody, and control are attached hereto as Attachment 2.

7. All documents relating to hours worked or recorded by Audrey McLaren, regardless of the client or customer, from January 1, 2005 to the present.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Without waiving said objection, the requested documents that are related to ACS and are in ETSG's possession, custody, and control have been produced with Attachments 1 and 2.

8. All documents relating to bills, invoices, or charges submitted to ACS by ETSG, including all documents relating to hours worked or services performed that were the subject of the bill, invoice, or charge.

-4-

RESPONSE:

The requested documents that are in ETSG's possession, custody, and control are attached hereto as Attachment 2.

9.    All documents relating to all payments of any type or nature received by ETSG from ACS.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

10.    All documents relating to all payments of any type or nature received by ETSG from any client or customer other than ACS from January 1, 2004 to the present.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS, because of a confidential agreement it signed with such clients and customers, and, because such information is not relevant to the issues in this action, or will lead to the discovery of relevant evidence.

11.    All documents relating to ETSG's relationship with or employment of Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between ETSG and Ms. Aaron (Hunt).

-5-

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days..

12.    All documents relating to ETSG's relationship with or employment of Audrey McLaren, including all communications between ETSG and Ms. McLaren.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

13.    All documents relating to ETSG's relationship with or employment of the individuals identified in response to Interrogatory No.. 7, including all communications between ETSG and the identified individuals.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

14    All documents identifying the current and former officers, directors, owners, members, shareholders, representatives, employees or independent contractors of ETSG.

RESPONSE:

ETSG is accumulating the requested documents and will provide

-6-

them to plaintiff within the next seven days.

15.     All documents relating to the creation, formation, or organization of ETSG.

RESPONSE:

The requested documents that are in plaintiff's possession, custody, and control are attached hereto as Attachment 3.

16.     All documents relating to ETSG's bylaws, articles of incorporation, and licenses to do business in any state.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

17. All documents relating to any payments of any type or nature made by ETSG to Peterson between January 1, 2003 and the present.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days, except confidential information and proprietary information related to clients and customers other than plaintiff, which is objected to and subject to a confidentiality agreement.

18. All documents relating to any payments of any type or nature made by ETSG to Audrey McLaren between January 1, 2003 and the present.

-7-

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days, except confidential information and proprietary information related to clients and customers other than plaintiff, which is objected to and subject to a confidentiality agreement.

19. All documents relating to any payments of any type or nature made by ETSG to any ETSG employee, contractor, or other person who performed any work or services for ACS between January 1, 2005 and the present, including the individuals identified in response to Interrogatory no. 7.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

20. ETSG's federal and state tax returns for 2004, 2005, 2006, and 2007.

RESPONSE:

ETSG is accumulating the requested documents and will provide them to plaintiff within the next seven days.

21. All documents relating to every bank account/credit union account opened or maintained by ETSG since January 1, 2005, including those accounts identified by you in response to Interrogatory no. 10,

-8-

including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

ETSG objects to providing its bank account numbers without a Protective Order because of privacy and identity theft concerns. Without waiving this objection, it provides the following accounts:

Bank Name/Address     Account Opened          Names on Account

TBP (To be provided)

22.    All documents relating to ETSG's finances and financial accounting for the years 2004, 2005, 2006, and 2007, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Without waiving said objection, and the issuance of a Protective Order, the requested documents that are related to ACS and are in ETSG's possession, custody, and control will be produced within seven

-9-

days.

23.    All documents relating to any wire or other electronic transfers of any funds from or initiated by Peterson to any person from January 1, 2005 to the present.

RESPONSE:

ETSG and Ms. Bell Peterson object to providing Ms. Bell Peterson's personal and  confidential financial information that is not related to any issue in this case, and they further state that this information is not only  irrelevant to issues in this action but will not reasonably lead to the discovery of admissible or relevant evidence.

24.  All documents relating to any insurance policies held or taken out by ETSG for the years 2004, 2005, 2006, and 2007.

RESPONSE:

ETSG did not, and does not have any insurance policies for any of the years inquiries about.

25.    All documents relating to any amount paid or provided by ETSG to any person.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS.   Not only is this information irrelevant to the issues in this action, but ETSG executed

-10-

a confidentiality agreement with its clients and customers to not disclose such information.

26.    All documents relating to any legal action responsive to Interrogatory no. 15.

RESPONSE:

No such documents exists because ETSG has not been a party to a legal action.

27. All documents relating to any income received by ETSG from any source since January 1, 2004, including, but not limited to, pay stubs, Forms W-2 or 1099s.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Without waiving said objection, and the issuance of a Protective Order, the requested documents that are related to ACS and are in ETSG's possession, custody, and control will be produced within seven days.

28. Produce for inspection by a forensic computer expert any computers owned by ETSG or used for any ETSG-related purpose, including but not limited to accounting, invoicing, and making any payments.

-11-

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers that are on its computer, other than ACS. Without waiving said objection, and the issuance of a Protective Order, ETSG will be willing to prepare a copy disk of information concerning ACS, only.

29. All documents relating to any civil or criminal legal action in which ETSG was a plaintiff or defendant.

RESPONSE:

No such documents exists because ETSG was never a party to any of these proceedings.

30. All documents identified in your responses to the Interrogatories that were served herewith.

RESPONSE:

Other than the documents already produced herewith, no other documents are in existence.

31. All documents relating to any fact, allegation, or issue in this case.

RESPONSE:

Other than the documents already produced herewith, no other documents are in existence. However, ETSG's discovery and trial

-12-

preparations are continuing, which may lead to the discovery of additional documents. If additional documents are discovered, ETSG will seasonably supplement its responses to these documents requests.

Respectfully submitted,

Dated: July 2, 2007

BY: _Wayne Marcus Scriven_

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-COMPLAINANT
NEKOL BELL PETERSON

-13-

## CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant Enterprise Technology Services Group, LLC"s Responses to Plaintiff's First Request for Production of Documents was faxed and mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

I faxed and deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on July 2, 2007, after first affixing sufficient postage on it.

Dated: July 2, 2007                BY: _Wayne Marcus Scriven_____
                                        Wayne Marcus Scriven

-14-

# EXHIBIT E

# Enterprise Technology Services Group
## *ETSG, Making Software Simple*

# INVOICE

**INVOICE #2734**
**DATE: NOVEMBER 28, 2006**
**DUE UPON RECEIPT**

PO Box 5127
Hampton Park, MD 20791-5127

**TO:**
**American Chemical Society**
**1155 Sixteenth Street**
**Washington DC 20036**

**FOR:**
**PeopleSoft Consulting**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| PeopleSoft Consulting-Audrey McLaren | 64 | $100 | $6400.00 |
| Week Ending November 18- 40 Hours | | | |
| Week Ending November 25 – 24 Hours | | | |
| | | TOTAL | $6400.00 |

**Make all checks payable to Enterprise Technology Services Group**
**Total due Upon Receipt.**

**Thank you for your business!**

10450559

# EXHIBIT F

# Enterprise Technology Services Group
## ETSG, Making Software Simple

# INVOICE

PO Box 5127
Hampton Park, MD 20791-5127

**INVOICE #2734**
**DATE: NOVEMBER 28, 2006**
**DUE UPON RECEIPT**

**TO:**
**American Chemical Society**
**1155 Sixteenth Street**
**Washington DC 20036**

**FOR:**
**PeopleSoft Consulting**

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| PeopleSoft Consulting<br>Week Ending November 18- 40 Hours<br>Week Ending November 25 – 24 Hours | 64 | $100 | $6400.00 |
| | | TOTAL | $6400.00 |

Make all checks payable to Enterprise Technology Services Group
Total due Upon Receipt.

### Thank you for your business!

ETSG-00111

EXHIBIT G

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson | lewis
Attorneys at Law

**Jackson Lewis LLP**
8614 Westwood Center Drive
Suite 950
Vienna, VA 22182
Tel 703 821-2189
Fax 703 821-2267
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| CLEVELAND, OH | MORRISTOWN, NJ | SEATTLE, WA |
| DALLAS, TX | NEW YORK, NY | STAMFORD, CT |
| GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC |
| HARTFORD, CT | PITTSBURGH, PA | WHITE PLAINS, NY |
| LONG ISLAND, NY | | |

MY DIRECT DIAL IS: 703-821-4306
MY EMAIL ADDRESS IS: REMYJ@JACKSONLEWIS.COM

July 12, 2007

**VIA FACSIMILE & U.S. MAIL**
Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive, Suite 700
Arlington, VA 22209

RE:    American Chemical Society v.
Enterprise Technology Services Group, LLC
and Nekol Bell-Peterson Civil Action No.:
1:07cv00375

Dear Marcus:

This letter addresses Peterson's and ETSG's responses to requests for production and interrogatories and follows up on my July 10, 2007 e-mail to you.

ACS served document requests and interrogatories on both defendants on April 30, 2007. Accordingly, responses were due no later than June 3, 2007. ACS agreed to extend the date for written responses to June 29, 2007 upon your agreement to provide complete responses and copies of all responsive documents to me by the close of business on June 29. On June 19, 2007, the Court entered an order requiring defendants to serve written responses to all discovery and copies of all documents by June 29, 2007. In your voicemail and e-mail messages on June 29, you indicated we would receive the responses that day and over the weekend.

On July 2, 2007, we received what purported to be written responses and a handful of documents from ETSG only. We did not receive any documents from Peterson. Upon closer review, Peterson's and ETSG's responses to many of the requests and interrogatories stated only that they would provide the documents or information within seven days. Taking you again on your word, I waited to receive supplemental responses by July 9. As you know, July 9 came and past without Peterson or ETSG providing any supplemental documents or information. Incredibly, Peterson has not produced a single document despite having been served with requests over 9 weeks ago.

The requests to which Peterson stated she would provide documents within 7 days are nos. 20, 23, 30, 31, 32, 34, 35, 38, 40, 42, 43, 44, 46, and 47. The interrogatories to which Peterson stated she would provide answers within seven days are nos. 8 and 14. The corresponding requests and interrogatories to which ETSG made the same commitment are requests nos. 3, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, and 22 and interrogatories nos. 6, 11, 13, and 14.

# jackson │ lewis

│ Attorneys at Law

Wayne Marcus Scriven
July 12, 2007
Page 2

In addition to these requests and interrogatories, Peterson and ETSG did not provide complete responses to others.  These include:

- Interrogatory no. 3:  Peterson and ETSG do not provide any contact information for Mattice Aaron Hunt, David Smith, or Preston McGee.

- Interrogatory no. 7:  ETSG does not provide any contact information for Rakesh Kumar or Rishi Sanditi.

- Interrogatory no .7:  Peterson incorrectly states she worked at ACS since 1995 and does not provide any information about other employers.

- Interrogatory no. 15:  Peterson does not provide contact information for Udaya Kumar.

- Request no. 8:  ETSG provides only invoices to ACS but not a single timesheet or any other document reflecting hours worked by any purported contractor.

- Request no. 13:  Peterson states she does not have any documents showing any payments she has ever received from ETSG.  As the owner of a company with revenue of $360,000 and profits of $80,000 in 2006 alone (according to another discovery response), it is simply implausible that there is not a single document reflecting any distribution of that profit or other payments to Peterson.  Bank records and tax documents, at a minimum, should be produced.

Peterson and ETSG do not object to the document requests and interrogatories referenced above in this letter – they simply are refusing to provide documents and information.  As stated in my July 10 e-mail, if we do not receive complete responses and copies of all documents in this office by close of business on Friday, July 13, 2007, I will contact the Court Monday morning July 16 to initiate the process to file a motion to compel and for sanctions.  This includes all of the requests and interrogatories for which no documents/information were provided and those for which only partial documents/information were provided.

Your responses also raise a handful of other issues.  First, you agree to provide information and documents in certain instances only pursuant to a protective order.[1]  Since I agreed to extend the due date for defendants' responses for one month, it would have been courteous for you to have raised this issue with me at that time so we could have agreed upon a protective order prior to you providing the responses.  Nonetheless, on July 10, 2007, I provided you with a draft protective order.  Please let me know no later than July 13 if this draft order is acceptable to or if you wish to make any changes.  Judge Friedman entered this order in another case, and I believe he will enter it here.  If the order is acceptable to you, I will file a joint motion to have it entered and we can agree to exchange documents pursuant to the terms of the order until it is entered by the Court.  If I do not hear from you on this issue by July 16, I will file the order and motion on behalf of ACS.

---

[1] This includes, in whole or in part, Peterson requests 15, 23, 47, Peterson interrogatory 16, ETSG requests 21, 22, 28, and ETSG interrogatory 10.



Attorneys at Law

Second, in response to certain requests for production and interrogatories seeking information about the existence of other ETSG clients, defendants object on the ground of relevance.[2] Whether ETSG conducts business with other companies is directly relevant to ACS's allegations that Peterson and ETSG are alter egos and ACS's attempts to "pierce the corporate veil." This includes the extent of ETSG's business with other companies, ETSG's employment of other contractors, whether ETSG is properly capitalized, whether ETSG keeps separate accounts and appropriate financial corporate records, and whether ETSG files its tax returns. Documents showing ETSG's total revenue and profit are also relevant to ACS's claims for punitive damages. Audrey McLaren's work for other companies through ETSG is relevant to the hours ETSG billed to ACS during the same time period for McLaren's time (and any other contractors ETSG claims to have worked on ACS's contract). In light of the fact that ACS is willing to enter into an extensive protective order, there is no reason not to produce these documents.

Third, Peterson request 24 and ETSG request 23 seek documents showing wire transfers from Peterson to other persons. You object on the grounds of relevance. ACS contends, as part of its RICO allegations, Peterson's scheme included wiring the fraudulently obtained funds to other accounts/persons as an attempt to hide them. *See* Complaint ¶ 21. Therefore, any records of wire transfers are clearly relevant.

Fourth, Peterson request no. 29 and ETSG request no. 28 seek to have our forensic computer expert examine Peterson's and ETSG's computers. You have objected completely to Peterson's home computer on the ground she shares that computer with her family and offered to provide us a disk containing ETSG's computer records pertaining to ACS. ACS contends Peterson/ETSG have fabricated certain documents, including but not limited to the alleged March 2005 contract. We need our forensic document examiners to have access to the computers themselves to examine the metadata and other imbedded information. A disk containing information is not sufficient. Our examiners can work with you and your clients to make this examination quick and unobtrusive. All documents/records on these computers can be covered by the protective order.

I am confident that we can work out a resolution to your objections without having to go to the Court. However, given the discovery schedule, if we have not resolved these issues by Friday July 20, I will contact the Court to initiate a motion to compel the documents, information, and computer inspections being withheld pursuant to defendants' objections.

I truly hope the issues raised by this letter can be resolved without Court involvement. But your clients' failure to comply with their discovery obligations is causing prejudice to ACS' case. Unless your clients comply with their obligations by the dates set forth in this letter, they will leave me no choice but to contact the Court and seek sanctions. I look forward to your response.

---

[2] These include, in whole or in part, Peterson requests 41 and 47, ETSG requests 7, 10, 17, 18, 22, 24, and 27, and ETSG interrogatory 4.



Attorneys at Law

Very truly yours,

JACKSON LEWIS LLP

John M. Remy

cc:  David Smorodin

# EXHIBIT H

STATE OF MARYLAND
DEPT OF ASSESSMENTS AND TAXATION
CUST ID:D001708721
WORK ORDER:0001151759
DATE:12-12-2005 12:11 PM
AMT. PAID:$150.00

*ſW*

## STATE OF MARYLAND
## ARTICLES OF ORGANIZATION OF
### Enterprise Technology Services Group, LLC
(A Limited Liability Company)

The undersigned, with the intention of creating a Maryland Limited Liability Company files the following Articles of Organization:

1.  The name of the Limited Liability Company is:  Enterprise Technology Services Group, LLC

2.  The purpose for which the Limited Liability Company is filed is as follows: Technology Services and for the purpose of engaging in any and all business for which limited liability companies may be formed under the laws of the state of Maryland.

3.  The street address of the Limited Liability Company in Maryland is:

    9749 Goodluck Rd., Building 6
    Seabrook, Maryland  20706

4.  The name and address information for the Resident Agent of the Limited Liability Company is as follows:

    National Registered Agents, Inc. of MD
    11 E. Chase Street
    Baltimore, Maryland  21202

Nekol Peterson, Authorized Person

National Registered Agents, Inc. of MD, Resident Agent

Please return to:

**My Corporation Dot Com**
**New MD Rush LLC Filing**
**30141 Agoura Road, Suite 205**
**Agoura Hills, California 91301**