IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | (DAR) |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter Plaintiff. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANTS/COUNTER PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS

TO:  THE HONORABLE DEBORAH A. ROBINSON, MAGISTRATE JUDGE OF THE ABOVE CAPTIONED COURT:

Defendants/Counter Plaintiff named above, by undersigned counsel, respectfully submit this Memorandum of Points and Authorities in opposition to plaintiff/counter defendant's motion to compel discovery responses and for sanctions, pursuant to Rule 37 of the FRCP.  Pursuant to Local Rule 7 (m), counsel for the respective parties have met and conferred on several occasions to narrow the areas of dispute between the parties.  However, the parties

have been unable to resolve all issues of dispute between them without requiring the Court's intervention. The Court previously entered an Order allowing defendants/counter plaintiff to file a motion to quash service of discovery documents upon defendants/counter plaintiff, after a telephone conference with the Judge Freidman's law clerk on July 18, 2007. Defendants/counter plaintiff have refrained from filing a motion to quash.

Since the time of plaintiff/counter defendant's filing of its motion to compel discovery responses, defendants/counter plaintiff have produced further responses to interrogatories and addition documents in response to requests for production of documents. The issues remaining for the Court's consideration are ones dealing with non-existence documents or privileged privacy documents that are not in any manner subject to disclosure according to defendants/counter plaintiff's prospective.

Plaintiff/counter defendant's request for sanctions are not well taken because defendants/counter plaintiff have acted in good faith and with diligence in responding to plaintiff/counter defendant's discovery served upon them.

## A. <u>INTRODUCTION</u>

Defendant Enterprise Technology Services Group, LLC, is a small ethnic minority owned corporation with less than six principal owners.

Defendant/counter plaintiff Nekol Bell Peterson is one of the ethnic minority female corporate principal owners of Defendant Enterprise Technology Services Group, LLC.    Enterprise Technology Services Group, LLC (hereafter, "ETSG"), is a Maryland corporation and maintains its operations in the state of Maryland.    Defendant and counter plaintiff Nekol Bell Peterson (hereafter, "Bell Peterson") is a citizen and resident of the state of Maryland.

Both defendant ETSG and defendant/counter plaintiff Bell Peterson contend that each of them had a written contract with plaintiff/counter defendant American Chemical Society (hereafter, "ACS") to provide computer software services to ACS during the material times alleged in ACS' complaint that was filed with this Court to initiate this action.    ACS has alleged a wide range of speculative improprieties by both defendants and counter plaintiff and ACS seeks to scrutinize every financial action and activities of both defendants, including personal financial documents of Bell Peterson, without any threshold showing that such documents contain information that supports or will lead to information that will support ACS' speculative claims.

The Court should find that ETSG and Bell Peterson have fully complied with their discovery duties and obligations in good faith with a result that ACS' motion is without merit.    The Court should summarily deny ACS'

motion to compel discovery and for sanctions.

## B. <u>STATEMENT OF THE CASE</u>

The parties made their initial appearance before the Court for a scheduling conference on May 18, 2007. During the scheduling conference held in open Court, the parties admitted to the Court that Bell Peterson's counter claims based upon an asserted written contract of the parties would have a substantial negative impact on the claims raised by ACS in its complaint filed in this action. In light of this fact, the parties proposed, and the Court suggested, that Bell Peterson forthwith produce the "written contract" that she contended was executed between Bell Peterson and ACS' authorized management employee, William Mooney, in order for ACS to have its handwriting expert to analyze the same for authenticity. Also, Bell Peterson proposed to move forward immediately with the taking of William Mooney's deposition, and the Court concurred, for the narrowing of the issues in the case, depending on the results of these two aspects of discovery.

Thereafter, Bell Peterson provided ACS with three copies of the written contract on or about June 18, 2007 and noticed the deposition of William Mooney for July 25, 2007. To date, ACS has not provided the results of its handwriting expert's analysis of the written contract for authentication of the signatures on it. Also, William Mooney has not been produced for deposition

by ACS due to an alleged injury of William Mooney.

ETSG and Bell Peterson have made diligent efforts to locate and produce documents requested by ACS, as well as to provide full responses to the interrogatories served upon them by ACS. ACS' motion is not well taken and should be denied by the Court.

C. RESPONSES TO ACS' PURPORTED STATEMENT OF FACTS

Contrary to ACS' assertion in its complaint on file in this action, ACS was fully informed of Bell Peterson's relationship as a principal owner of ETSG when ACS entered into a written contract with ETSG for consulting services. (Memo., p. 1)[1] ETSG and Bell Peterson have unequivocally denied ACS' allegations that either or both of them inflated invoices or submitted double invoices or submitted invoices for worked never performed by either or both of them. Each and every allegation of ACS of wrongdoing by ETSG and Bell Peterson and the counts for damages have been denied by ETSG and Bell Peterson, including a denial of the existence of any ground for the piercing of the corporate veil between Bell Peterson and ETSG. Bell Peterson seeks damages for ACS' clear breach of the parties' written employment contract for her services rendered separate and apart from the services rendered by ETSG

---

[1]    Plaintiff's Memorandum in Support of Motion to Compel and for Sanctions dated July 30, 2007.

to ACS pursuant to its separate written contract with ACS.

ACS erroneously asserts that ETSG and Bell Peterson have intentionally violated the discovery rules and this Court's discovery Order issued pursuant to the parties' joint motion for the same. (Memo., p. 2)

While counsel of record for ETSG and Bell Peterson has been diligent and persistent in requesting and pursuing ETSG and Bell Peterson's production of documents responsive to ACS' requests for production of documents and in providing responses to interrogatories, ETSG and Bell Peterson have encountered numerous difficulties and obstacles in securing documents and responses to comply with their counsel's requests for the same.

Nevertheless, counsel for ETSG and Bell Peterson has produced substantial additional documents and information that ETSG and Bell Peterson have provided to him since ACS filed its pending motion to compel discovery, after meeting and conferring with ACS' counsel in person as an attempt to resolve all discovery disputes in this action.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

## D. <u>ARGUMENT</u>

I. <u>The parties have complied and continue to comply with the Court's meet and confer rules for discovery disputes and, as a result, have substantially resolved the discovery disputes in this action, without the Court's intervention.  Thus ACS' motion to compel and for sanctions are moot and should be denied by the Court.</u>

The following is a category listing of the documents not produced and interrogatories responses of ETSG and Bell Peterson because of disagreement of the parties concerning whether they have been appropriately requested and are protected from production.

1.  Financial records and documents of other clients of defendants, other than financial records concerning plaintiff/counter defendant ACS;

2.  All bank records of ETSG, regardless of the years covered by the bank records;

3.  Internal financial records of ETSG, regardless of the years covered by the financial records; and

4.  All wire transfers of money and funds by Bell Peterson, regardless of the time and places covered by the request.

Defendants and counter plaintiff have agreed to produce some of these documents if plaintiff agrees to a limit in the time period covered and the clients/parties  involved with these transactions.

The Court should deny plaintiff ACS' motion to compel and to allow the

parties to continue to meet and confer regarding this discovery.

II. ETSG and Bell Peterson have given good faith and justified reasons for not providing the documents and interrogatories responses that the parties have been unable to resolve thus far <u>without the Court's intervention.</u>

ETSG and Bell Peterson have not provided the above noted documents and interrogatories' responses due to their good faith reliance on the reasons stated therefor, without a ruling by the Court, unless ACS agrees to the reasonable and proper limitations proposed by ETSG and Bell Peterson.

E. <u>CONCLUSION</u>

The Court should deny plaintiff/counter defendant's motion to compel discovery and for sanctions, in its entirety, because defendants/counter plaintiff have made good faith and diligent responses to the discovery served upon them by plaintiff/counter defendant.

Respectfully submitted,

Dated: August 31, 2007            BY:_____\s_____
                                 Wayne Marcus Scriven, Esq.
                                 SCRIVEN LAW OFFICES
                                 1655 North Fort Myer Drive
                                 Suite 700
                                 Arlington, VA 22209
                                 Tel. (703) 248-2608
                                 Fax. (703) 351-5298
                                 **DC BAR NO. 438642**

                                 w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES

Post Office Box 41009

Fredericksburg, VA 22404-1009

Tel. (540) 891-8974

Fax. (540) 891-8975

Counsel for Defendants,

ENTERPRISE    TECHNOLOGY
SERVICES GROUP, LLC and

COUNTER PLAINTIFF

NEKOL BELL PETERSON

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendants/Counter Plaintiff's Memorandum of Points and Authorities in Opposition to Plaintiff/Counter Defendant's Motion to Compel Discovery Responses and for Sanctions was mailed to:


John M. Remy, Esq.

Jennifer A. Harper, Esq.

8614 Westwood Center Drive

Suite 950

Vienna, Virginia 22182

Tel. (703) 821-2189

Fax. (703) 821-2267


Counsel for Plaintiff/Counter-Defendant,

AMERICAN CHEMICAL SOCIETY

I deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on August 31, 2007, after first affixing sufficient postage on it.

Dated: August 31, 2007         BY:_____/s/_____

                                        Wayne Marcus Scriven

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | (DAR) |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter Plaintiff. | ) | |
| | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF/COUNTER DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS

THIS ACTION came before the Court for consideration of plaintiff/counter defendant's motion to compel discovery responses and for sanctions against defendants/Counter-plaintiff named above;

WHEREUPON, the Court having reviewed the motion, defendants'/counter plaintiff's opposition, and any argument of counsel, it is hereby:

ORDERED that plaintiff/counter defendant's motion is hereby DENIED.

<u>And it is so Ordered</u>.


Dated:  September _____, 2007          _____

                                       HON.  DEBORAH  A.  ROBINSON,
                                       MAGISTRATE JUDGE
                                       United States District Court
                                       for the District of Columbia