**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN CHEMICAL SOCIETY

               Plaintiff/Counter-Defendant,

   v.

ENTERPRISE TECHNOLOGY SERVICES
GROUP, LLC, et al.

             Defendants/Counter-Plaintiff.

Civil Action No.: 1:07cv00375(PLF)
(DAR)

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION**
**TO COMPEL AND FOR SANCTIONS**

Plaintiff/Counter-Defendant American Chemical Society ("ACS") submits this reply

brief in support of its motion to compel and for discovery sanctions against both defendants.

According to defendants, even though ACS paid ETSG over $300,000 in 15 months, ETSG and

Peterson do not have a single document reflecting those payments, never filed any tax returns or

received any tax documents, and never paid any of ETSG's contractors. Defendants continue to

refuse to comply with their discovery obligations and willfully violate the Court's June 19, 2007

order. Accordingly, ACS asks the Court to grant its motion to compel and assess monetary

sanctions against ETSG and Peterson.

**I.**     **Facts Occurring Since ACS Filed its Motion to Compel**

     **A.**    **Defendants Did Not Produce a Single**
            **Document at an August 23 Meeting of Counsel**

After ACS filed its motion to compel and for sanctions, defense counsel requested a

meeting for the purported purpose of resolving ACS' motion. On August 23, 2007, counsel met.

During this meeting, defense counsel served supplemental interrogatory response for ETSG and

Peterson and supplemental RFP responses for ETSG.  Both the supplemental interrogatory and RFP responses referred to documents to be produced.[1]  However, defense counsel did not produce any documents at this meeting.  The supplemental interrogatory responses also did not contain a single additional piece of responsive information.  (See Exhibit D – e-mail between counsel agreeing to what took place at this meeting).

**B.     ETSG Still Has Not Provided Documents
         Or Information for 23 Interrogatories and RFPs**

On August 25, 2007, defense counsel served another supplemental RFP response for ETSG.  (See Exhibit E).  This supplemental response contained 13 attachments corresponding to certain RFPs.  ETSG produced documents in response to RFPs 5, 6, 7, and 8.  However, these RFPs were not the subject of ACS' motion to compel.

In response to RFPs 9, 11, 12, 13, and 16 (which were the subject of ACS' motion to compel), ETSG referred ACS to documents produced under attachments 6, 7, 8, 9, and 11, respectively.  Unbelievably, these attachments did not contain any documents.  (See Exhibit F).[2]

RFP 17 to ETSG requested:  "All documents relating to any payments of any type or nature made by ETSG to Peterson between January 1, 2003 and the present."  In response, ETSG's supplemental responses referred ACS to attachment 12.  Attachment 12 is a single document apparently created for the purposes of this litigation (See Exhibit G).  ETSG has not produced any of the source documents or information used to create attachment 12.

RFP 18 to ETSG requested:  "All documents relating to any payments of any type or nature made by ETSG to Audrey McLaren between January 1, 2003 and the present."  ETSG's supplemental responses referred ACS to attachment 4.  Attachment 4 is six weekly time sheets

---

[1] These August 23, 2007 supplemental responses are attached hereto as Exhibits A, B, and C.
[2] The bates labels on these documents were affixed by ACS to create a record of the documents produced. Defendants have not bates labeled any of the documents produced in this litigation.

for Ms. McLaren.[3]  These time sheets do not show any payments made by ETSG to Ms. McLaren.

RFP 20 to ETSG requested: "ETSG's federal and state tax returns for 2004, 2005, 2006, and 2007." ETSG's supplemental response referred ACS to attachment 13.  Attachment 13 contains two documents: (1) a notice from the IRS providing ETSG with an employer identification number and; (2) a 2005 Form 1099 ETSG provided to Peterson.  ETSG has not produced a single tax return or any other tax related documents.

ETSG's supplemental RFP responses did not contain documents responsive to RFPs 7, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 27, all of which were the subject of ACS' motion to compel.  ETSG did produce documents responsive to RFPs 3 and 14.  ETSG has also not provided any information responsive to interrogatories 4, 6, 11, 13, and 14, all of which were the subject of ACS' motion to compel.

**C.     Peterson Has Not Provided Documents or Information for 12 RFPs**

On August 31, 2007, Peterson served supplemental interrogatory and RFP responses (see Exhibits H and I).  Peterson's supplemental responses to Interrogatory 3 provided some missing contact information for certain witnesses but not complete information and no contact information for witness Preston McGee.

Peterson's supplemental RFP responses contained documents responsive to RFPs 30, 32, 35, and 44.  Peterson has not produced any documents responsive to RFPs 20, 23, 24, 31, 34, 38, 40, 41, 42, 43, 46, or 47, all of which were the subject of ACS' motion to compel.  In Peterson's original RFP responses (dated July 2), she either objected in whole or in part to these RFPs (20,

---

[3] Ms. McLaren worked with ACS through ETSG for about 65 weeks, but these are the only time sheets ETSG or Peterson has produced.

23, 24, 38, 41, 46, and 47) or promised to produced the documents within seven days (31, 34, 40, 42, and 43).

### D.     Defendants Continue to Refuse to Provide ACS Access To the Computer Used for ETSG's Business Purposes

RFP 28 to ETSG sought the inspection of the computer used by Peterson/ETSG for ETSG's business purposes. In the August 23 meeting, defense counsel agreed to provide ACS' forensic computer expert with access to this computer. (See Exhibit D). On August 30, 2007, counsel arranged for ACS' computer expert inspected the hard drive of a laptop designated by Peterson. This laptop did not contain a single ETSG business document. Most importantly, this laptop did not contain the altered ETSG invoices discussed in ACS' memorandum in support of its motion to compel.[4]

ETSG and Peterson still have not allowed ACS to inspect the computer that ETSG used for business purposes and/or the computer on which these invoices were created or stored.

## II.     Argument

### A.     ETSG and ACS Continue to Refuse to Respond to 36 Interrogatories and RFPs

As shown above, ETSG and Peterson continue to violate the Court's June 19 order by refusing to respond to a combined 36 interrogatories and RFPs. The information and documents sought by this discovery is directly related to ACS' fraud claims, and defendants' failure to provide this information is prejudicing ACS. For example, ACS paid ETSG over $300,000 and alleges a great majority of those funds were fraudulently obtained. Accordingly, in Interrogatory 14 to ETSG, ACS asked:

> For each month for which ETSG billed or charged ACS any amount, provide a breakdown of the hours worked and amount charged in that

---

[4] Examples of the original and altered invoices are Exhibits E & F to ACS' memorandum in support of its motion to compel.

> month for each individual ETSG contractor, employee or other person
> who performed any work or services for ACS for which ETSG billed or
> charged ACS.

ETSG has never answered (or objected to) this interrogatory and has produced only six timesheets for one contractor.

Defendants' brief does not explain how or why ETSG or Peterson could not have a single document or bank record reflecting over $300,000 in income from ACS in the past three years. ETSG and/or Peterson created attachment 12 (Exhibit G) based on some source information or documents but are refusing to provide that obviously responsive source information. Although defendants' opposition brief makes sweeping statements that defendants have fully complied with their discovery obligations, there is no excuse for refusing to answer elementary interrogatories and produce relevant, responsive documents.

Defendants' brief also does not explain why it required a motion to compel by ACS before defendants' would produce the few documents they did. Defendants' general statement that they "encountered numerous difficulties and obstacles" is not sufficient to establish good cause for missing a Court-imposed deadline by two months.

Simply put, ETSG and Peterson are trying to deny ACS the evidence it needs to prove its claims and violating the Federal Rules and Court orders in the process. The Court should not condone this behavior. Instead, ACS asks the Court to compel defendants' responses and impose the requested discovery sanctions.

### B.     Defendants Concede the Requested Documents Are Not Objectionable

ACS' motion showed defendants' waived any objections to ACS' discovery. Defendants' brief stands on these objections but does not address ACS' waiver argument or provide any reason to excuse defendants' failure to provide timely responses pursuant to the

Court's June 19 order. Without good cause for their failure to timely object, defendants' objections are waived.

Contrary to the merits of defendants' objections, ACS' motion also showed all requested information and documents are relevant and covered by a protective order. Defendants' brief also does not address any of these arguments and makes no attempt to argue that any specific request is irrelevant. Defendants' failure to address ACS' arguments concedes the propriety of ACS' discovery.

### C.    Defendants' Brief Grossly Mischaracterizes ACS' Requests To Cover Their Refusal To Comply With Their Discovery Obligations

Defendants have not produced a single bank record, internal ETSG financial document, or wire transfer record. Defendants' brief argues that ACS' requests for these documents are over broad because they are not limited in time. This argument is based on false representations.

Defendants' brief claims ACS seeks "All bank records of ETSG, regardless of the years covered by the bank records." (Opp. at 7). ACS' RFP 21 to ETSG is:

> All documents relating to every bank account/credit union account opened or maintained by ETSG since **January 1, 2005**, including those accounts identified by your [sic] in response to Interrogatory no. 10, including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

Defendants' brief also claims ACS seeks "Internal financial records of ETSG, regardless of the years covered by the financial records." (Opp. at 7). ACS' RFP 22 to ETSG is:

> All documents relating to ETSG's finances and financial accounting **for the years 2004, 2005, 2006, and 2007**, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

Defendants' brief claims ACS seeks "All wire transfers of money and funds by Bell Peterson, regardless of time and places covered by the request." (Opp. at 7). ACS' RFP 24 to Peterson is:

> All documents relating to any wire or electronic transfers of any funds from or initiated by Peterson to any person (including Peterson) **from January 1, 2005 to the present**, including but not limited to all transfers from NASA Federal Credit Union to a First Citizens Bank in Darlington, South Carolina.

Defendants have not produced any documents responsive to these requests. Defendants' position is they are refusing to provide these financial documents because the requests are not limited in time. As the above-quoted requests show, this is simply not true. Instead, defendants are attempting to excuse their failure to provide this discoverable evidence by mischaracterizing ACS' requests.

Defendants also never objected to these requests on the basis of their time period, and cannot raise this objection for the first time in opposition to a motion to compel. Even if defendants had objected to certain financial records based on the time period, the Federal Rules still require them to produce the non-objectionable records, which they have not done. *See* Fed. R. Civ. P. 34(b).

There can be no doubt that defendants are willfully violating the Court's June 19 order and purposefully failing to comply with their discovery obligations by refusing to provide these key financial documents.[5]

---

[5] Defendants brief also states "Defendants and counter plaintiff have agreed to produce some of these [financial] documents if plaintiff agrees to a limit in the time period covered . . ." (Opp. at 7). This "agreement" has never been articulated to plaintiff's counsel. This "agreement" also makes no sense because, as shown above, the requests themselves are limited in time.

III.    **Conclusion**

In sum, ETSG and Peterson continue to refuse to provide ACS with responsive, non-objectionable information and documents and with access to the ETSG's business computer without any justification or legal basis.  Defendants' opposition brief does not provide any excuse for these blatant, continuing failures to comply with the federal rules and the Court's June 19 order.

Accordingly, ACS asks the Court to grant its motion to compel and for sanctions and to enter the attached revised order.

Respectfully submitted,

JACKSON LEWIS LLP

Dated: September 7, 2007        By:    /S/ _____
John M. Remy (D.C. Bar No. 461244)
Jennifer A. Harper (D.C. Bar No. 502828)
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
(703) 821-2189
(703) 821-2267 Facsimile
remyj@jacksonlewis.com
harperj@jacksonlewis.com
ATTORNEYS FOR PLAINTIFF/COUNTER-
    DEFENDANT

Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counter Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC'S
AMENDED AND SUPPLEMENTAL ANSWERS AND RESPONSES TO
PLAINTIFF/COUNTER-DEFENDANT'S FIRST SET OF
INTERROGATORIES**

TO:   PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant

Enterprise Technology Services Group, LLC, (hereafter, "ETSG") makes the

following amended and supplemental answers and responses to

plaintiff/counter defendant American Chemical Society's (hereafter, "ACS")

First Set of Interrogatories served upon it by mail:

/ / / / /

## GENERAL OBJECTIONS

Defendant objects to the interrogatories served upon it by plaintiff/counter defendant to the extent that they exceed the number of interrogatories permitted by the Rules of Civil Procedure, to the extent that the interrogatories request privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the interrogatories requested information that is not relevant to any issue involved with this action or such interrogatory is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial. Without waiving any of these objections, defendant ETSG amends and supplements it previous answers and responses for the applicable interrogatories as follows.

## INTERROGATORIES

1.    Identify the person or persons answering these Interrogatories and each person who provided information that was used in preparing the responses to these interrogatories.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

2.    Identify each document reviewed or referred to in preparing responses to these interrogatories.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

-2-

3.     Identify each person known to ETSG to have knowledge of facts relating to any allegation in the Complaint or Counterclaim or any defense raised by ETSG or Peterson in their answer to the Complaint, and for each such person, state all the facts believed to be known by that person.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

4.     Identify each ETSG customer or client or other person for whom ETSG has provided any services or performed any work since January 1, 2004 to the present.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

5.     Identify each officer, director, member, owner, shareholder, employee and independent contractor of ETSG from January 1, 2005 to the present. Include in your answer each person's affiliation/title with ETSG and the date(s) of each responsive person's affiliation/employment with ETSG.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

6.     For each individual identified in response to Interrogatory no. 6, state the amount of any and all compensation, money, reimbursements, or funds or remuneration  of any type ETSG paid, transferred, or provided to that person for each of the following calendar years: 2005, 2006, 2007.

ANSWER:

ETSG did not provide any compensation to these persons as officers and directors of the company.  However, see financial documents produced in response to request for production of documents that provide information on

-3-

the compensation paid to these persons for work performed on consulting contracts.

7.  Identify each contractor, employee or other person who performed any work or services for ACS for, by or through ETSG, including every contractor, employee or other person for whom ETSG billed or charged ACS for any time, work or services.

ANSWER:

| Service Provider | Dates | Payment |
|---|---|---|
| Steve Fradlin | June 2005-present | unavailable records |
| Audrey McLaren | September 2005 | see produced documents |
| Matice Aaron | September 2005 | See produced documents |
| Rakesh Kumar | September 2005 | unavailable records |
| Rishi Sanditi | September 2005 | unavailable records |

8.  Describe ETSG's corporate structure and formation. Include in your answer the date(s) of ETSG's incorporation/formation, who incorporated/formed ETSG, and the state(s) in which ETSG was formed and/or is licensed to do business.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

9.  State all addresses, including P.O. Boxes or other mail drops, at which ETSG has conducted any business, maintained an office, or received any mail from January 1, 2005 to the present.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

10.  Identify all bank accounts/credit union accounts opened or

-4-

maintained by ETSG since January 1, 2005. Include in your answer the name of the bank/credit union, the address of the bank/credit union, the account number, the person who opened the account, the date the account was opened, the date the account was closed (if applicable) and all persons who were able to withdraw funds or make other transactions with respect to the account.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

11.  Identify all payments, wire transfers, or other exchanges of funds or money from ETSG to Peterson since January 1, 2005. Include in your answer the amount and date of each payment, transfer or exchange.

ANSWER:

Available records are produced in response to request for production of documents.

12.  State ETSG's gross revenue and profits for the years 2005 and 2006.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

13.  State the amounts ETSG billed or charged ACS for any work or services from January 1, 2005 to the present. Your answer should indicate the amounts billed or charged ACS on a month-by-month basis.

ANSWER:

See responses to request for production of documents and accompanying disk containing financial information.

14. For each month for which ETSG billed or charged ACS any amount, provide a breakdown of the hours worked and amount charged in that month for each individual ETSG contractor, employee or other person who performed any work or services for ACS for which ETSG billed or charged ACS.

ANSWER:

ETSG does not have a further answer or response to this interrogatory. However, see disk produced as amended and supplemented response to documents production.

15. State whether ETSG has been a defendant or a plaintiff in any civil or criminal legal action. If so, describe each legal action, including the caption of the case, the forum, the case number, the substance of the complaint, ETSG's role in the action and the status/outcome of the matter.

ANSWER:

ETSG does not have a further answer or response to this interrogatory.

Respectfully submitted,

Dated: August 23, 2007        BY: _____

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

-6-

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-PLAINTIFF NEKOL
BELL PETERSON

## CERTIFICATE OF SERVICE BY HAND DELIVERY

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant ETSG's Amended and Supplemental Responses to Plaintiff/Counter Defendant's First Set of Interrogatories was hand delivered to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff/Counter Defendant,
AMERICAN CHEMICAL SOCIETY

I hand delivered this document to the person named above at the stated address on August 23, 2007.

Dated: August 23, 2007              BY: _____
                                          Wayne Marcus Scriven

-8-

Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) Civil Action No. |
| Plaintiff/Counter Defendant, | ) 1:07CV00375 (PLF) |
| -v- | ) |
| ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC, and NEKOL BELL PETERSON, | ) |
| Defendants/Counter-Plaintiff. | ) |

## DEFENDANT/COUNTER-PLAINTIFF BELL PETERSON'S AMENDED AND SUPPLEMENTAL ANSWERS AND RESPONSES TO PLAINTIFF/COUNTER DEFENDANT'S FIRST SET OF INTERROGATORIES

TO:  PLAINTIFF/COUNTER DEFENDANT NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant/counter-plaintiff Nekol Bell Peterson makes the following amended and supplemental answers and responses to plaintiff/counter defendant American Chemical Society's First Set of Interrogatories served upon her by mail:

## GENERAL OBJECTIONS

Defendant/counter-plaintiff objects to the interrogatories served upon her by plaintiff/counter defendant to the extent that they exceed the number of interrogatories permitted by the Rules of Civil Procedure, to the extent that the interrogatories request privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the interrogatories requested information that is not relevant to any issue involved with this action or such interrogatory is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial.    Without waiving any of these objections, defendant/counter-plaintiff answers and responds as follows.

## INTERROGATORIES

1.    Identify the person or persons answering these Interrogatories and each person who provided information that was used in preparing the responses to these interrogatories.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

2.    Identify each document reviewed or referred to in preparing responses to these interrogatories.

-2-

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

3.    Identify each person known to Peterson to have knowledge of facts relating to any allegation in the Complaint or Counterclaim or any defense raised by Peterson or ETSG in their answer to the Complaint, and for each such person, state all the facts believed to be known by that person.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

4.    State Peterson's full name, current address, all addresses for the past 10 years, any other name Peterson has used or by which she has been known, the dates she was known by such name, the reasons for each name change, and every social security number she has used.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

5. Identify each educational institution Peterson attended and state the dates of attendance, whether Peterson received a degree or certificate, and the nature and the date of the degree or certificate, if applicable.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or

response to this interrogatory.

6. State whether Peterson applied for or received unemployment compensation, workers' compensation benefits or any other disability benefits before, during, or after Peterson's employment with ACS. If so, identify each agency, the date of the application, the amount of the benefit paid, and the period of time the benefit was paid.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

7. Identify each job or position of any nature Peterson has held since January 1, 1997, other than with ACS , including: the applicable company's last known address and telephone number; the date(s) of employment/affiliation; plaintiffs job titles; and whether the relationship ended voluntarily or involuntarily.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

8. Identify each job or position of any nature that you applied for during the time period from February 1, 2005 to the present, but did not obtain.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

9. Identify all current or former ACS employees with whom you have communicated since January 24, 2007. Include in your answer the date and form of the communication and describe the substance of the communication.

-4-

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

10. If you are seeking an award of any sum of money through the Counterclaim, whether by damages or otherwise, state the full amount of money for each type of damage sought and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

11. State whether Peterson has been arrested during the last ten years for any reason. If so, state the time, date, arresting authority, offense(s) charged, and the status/outcome of each matter.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

12. State whether Peterson has been a defendant or a plaintiff in any civil or criminal legal action (including workers' compensation). If so, describe each legal action, including the caption of the case, the forum, the case number, the substance of the complaint, plaintiffs role in the action and the status/outcome of the matter.

-5-

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

13. Identify, as provided in Instruction 7.a above, Audrey McLaren.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

14. Identify, as provided in Instruction 7.a above, Matice Aaron, a.k.a. Matice Aaron Hunt.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

15. Identify every contractor or vendor, whether an individual or corporation, you hired or retained, or sought permission to hire or retain, as an ACS employee.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

16. Identify all bank accounts/credit union accounts opened or maintained by Peterson since January 1, 2005. Include in your answer the name of the bank/credit union, the address of the bank/credit union, the account number, the person who opened the account, the date the account was opened, the date the account was closed (if applicable) and all persons who were able to withdraw funds or make other transactions with respect to

the account.

ANSWER:

Counter-plaintiff Bell Peterson does not have a further answer or response to this interrogatory.

Respectfully submitted,

Dated: August 23, 2007

BY: _____

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-PLAINTIFF NEKOL
BELL PETERSON

## CERTIFICATE OF SERVICE BY HAND DELIVERY

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant/Counter-Plaintiff Bell Peterson"s Responses to Plaintiff/Counter Defendant's First Set of Interrogatories was hand delivered to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff/Counter Defendant,
AMERICAN CHEMICAL SOCIETY

I hand delivered this document to the named person at the stated address on August 23, 2007.

Dated: August 23, 2007            BY: _____
                                       Wayne Marcus Scriven

Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counter Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC'S AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S <u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

TO:  PLAINTIFF/COUNTER DEFENDANT NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Enterprise Technology Services Group, LLC, (hereafter, "ETSG")makes the following amended and supplemental responses to plaintiff/counter defendant American Chemical Society's (hereafter, "ACS") First Request for Production of Documents served upon it by mail:

## GENERAL OBJECTIONS

Defendant objects to the request for production of documents served upon it by plaintiff/counter defendant to the extent that they exceed the number of requests permitted by the Rules of Civil Procedure and the Local Rules of this Court, to the extent that the request seeks the production of documents with privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the request for documents seeks documents with information that is not relevant to any issue involved with this action or such document requested is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial. Without waiving any of these objections, defendant ETSG responds as follows.

## DOCUMENTS TO BE PRODUCED

1. All documents relied upon to answer ACS' Interrogatories.

RESPONSE:

ETSG does not have a further answer or response to this interrogatory.

2. All documents relating to any communication between ETSG and any current or former employee or agent of ACS from January 1, 2005 to the present.

RESPONSE:

ETSG does not have a further answer or response to this interrogatory.

3. All documents relating to all contracts between ETSG and ACS.

<u>RESPONSE</u>:

The requested documents that are currently in ETSG's custody, possession, and control are attached hereto as Attachment 1.

4. All documents relating to the alleged March 3, 2005 contract purportedly signed by Peterson and Bill Mooney.

<u>RESPONSE</u>:

ETSG does not have a further answer or response to this interrogatory.

5. All documents relating to work performed or services provided by ETSG for ACS.

<u>RESPONSE</u>:

ETSG does not have a further answer or response to this interrogatory.

6. All documents relating to hours worked or recorded by any ETSG employee or contractor or other person where such hours or work relate in any way to ACS or any ACS project.

<u>RESPONSE</u>:

ETSG does not have a further answer or response to this interrogatory.

7. All documents relating to hours worked or recorded by Audrey McLaren, regardless of the client or customer, from January 1, 2005 to the present.

<u>RESPONSE</u>:

ETSG does not have a further answer or response to this request for

production of documents, with the exception of the additional documents that that are related to ACS and are in ETSG's possession, custody, and control, which are hereby produced as Attachment 2.

8.   All documents relating to bills, invoices, or charges submitted to ACS by ETSG, including all documents relating to hours worked or services performed that were the subject of the bill, invoice, or charge.

RESPONSE:

The additional requested documents that are in ETSG's possession, custody, and control are produced as Attachment 3.

9. All documents relating to all payments of any type or nature received by ETSG from ACS.

RESPONSE:

The requested documents that are in ETSG's possession, custody, and control are produced as Attachment 3.

10.   All documents relating to all payments of any type or nature received by ETSG from any client or customer other than ACS from January 1, 2004 to the present.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

11. All documents relating to ETSG's relationship with or employment of Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between ETSG and Ms. Aaron (Hunt).

-4-

RESPONSE:

The documents that are currently in ETSG's custody, possession, and control are produced as Attachment 4.

12. All documents relating to ETSG's relationship with or employment of Audrey McLaren, including all communications between ETSG and Ms. McLaren.

RESPONSE:

The documents that are currently in ETSG's custody, possession, and control are produced as Attachment 5.

13. All documents relating to ETSG's relationship with or employment of the individuals identified in response to Interrogatory No.. 7, including all communications between ETSG and the identified individuals.

RESPONSE:

The documents that are currently in ETSG's custody, possession, and control are produced as Attachment 6.

14 All documents identifying the current and former officers, directors, owners, members, shareholders, representatives, employees or independent contractors of ETSG.

RESPONSE:

The documents that are currently in ETSG's custody, possession, and control are attached hereto as Attachment 7.

15. All documents relating to the creation, formation, or organization of

ETSG.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

16. All documents relating to ETSG's bylaws, articles of incorporation, and licenses to do business in any state.

RESPONSE:

The requested documents that are in ETSG's custody, possession, and control are produced as Attachment 8.

17. All documents relating to any payments of any type or nature made by ETSG to Peterson between January 1, 2003 and the present.

RESPONSE:

Without waiving its previous objections, the documents that are in ETSG's custody, possession, and control are produced as Attachment 9.

18. All documents relating to any payments of any type or nature made by ETSG to Audrey McLaren between January 1, 2003 and the present.

RESPONSE:

See Attachment 3.

19. All documents relating to any payments of any type or nature made by ETSG to any ETSG employee, contractor, or other person who performed any work or services for ACS between January 1, 2005 and the present, including the individuals identified in response to Interrogatory no. 7.

RESPONSE:

See attachment 3 and computer disk.

20.  ETSG's federal and state tax returns for 2004, 2005, 2006, and 2007.

RESPONSE:

The requested documents that are in ETSG's custody, possession, and control are produced as Attachment 10.

21.  All documents relating to every bank account/credit union account opened or maintained by ETSG since January 1, 2005, including those accounts identified by you in response to Interrogatory no. 10, including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

22.  All documents relating to ETSG's finances and financial accounting for the years 2004, 2005, 2006, and 2007, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

23. All documents relating to any wire or other electronic transfers of any funds from or initiated by Peterson to any person from January 1, 2005 to the present.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

24. All documents relating to any insurance policies held or taken out by ETSG for the years 2004, 2005, 2006, and 2007.

RESPONSE:

ETSG did not, and does not have any insurance policies for any of the years inquiries about.

25. All documents relating to any amount paid or provided by ETSG to any person.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

26. All documents relating to any legal action responsive to Interrogatory no. 15.

RESPONSE:

No such documents exists because ETSG has not been a party to a legal action.

27. All documents relating to any income received by ETSG from any source since January 1, 2004, including, but not limited to, pay stubs, Forms W-2 or 1099s.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

28. Produce for inspection by a forensic computer expert any computers owned by ETSG or used for any ETSG-related purpose, including but not limited to accounting, invoicing, and making any payments.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

29. All documents relating to any civil or criminal legal action in which ETSG was a plaintiff or defendant.

RESPONSE:

No such documents exists because ETSG was never a party to any of these proceedings.

-9-

30.  All documents identified in your responses to the Interrogatories that were served herewith.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

31.  All documents relating to any fact, allegation, or issue in this case.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

Respectfully submitted,

Dated: August 23, 2007        BY: _____

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-PLAINTIFF NEKOL
BELL PETERSON

## CERTIFICATE OF SERVICE BY HAND DELIVERY

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant Enterprise Technology Services Group, LLC"s Amended and Supplemental Responses to Plaintiff/Counter defendant's First Request for Production of Documents was hand delivered to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff/Counter Defendant,
AMERICAN CHEMICAL SOCIETY

I hand delivered this document to the person named above at the stated address on August 23, 2007.

Dated: August 23, 2007                BY: _____
                                          Wayne Marcus Scriven

-12-

Exhibit D

## Remy, John M. (DC)

**From:**     wayne scriven [w-marcus-scriven@msn.com]

**Sent:**     Thursday, August 23, 2007 10:57 PM

**To:**        Remy, John M. (DC)

**Subject:** Re: Our meeting today


John,

Thanks for the email message. Yes, the email message covers the issues we addressed today in our face to face meet and confer session. I will get back with you on tomorrow on the computer availability date and time, and will promptly take care of the other outstanding iissues. We look forward to continue working with you to get to the merits of the issues in the case. Have a great vacation next week if we do not personally speak before your departure from the office.

Best regards,

Marcus



----- Original Message -----
**From:** Remy, John M. (DC)
**To:** wayne scriven
**Cc:** Harper, Jennifer A. (DC)
**Sent:** Thursday, August 23, 2007 4:51 PM
**Subject:** Our meeting today

Marcus,
          Thank you again for coming to my office today in an effort to resolve outstanding discovery issues. This e-mail confirms our agreement from the meeting today. You provided me today with supplemental interrogatory responses from both defendants and supplemental RFP responses from ETSG. The interrogatory responses did not contain any new information; they simply directed ACS to documents. You did not produce any documents today but promised to produce to us as soon as possible the responsive documents that are mentioned in defendants' supplemental discovery responses. We will review those documents once they are produced. To the extent these documents fulfill defendants' obligations to provide documents and interrogatory responses to the RFPS and interrogatories that are the subject of the motion to compel, we will file a supplemental brief withdrawing the motion to compel for those specific RFPs/interrogatories. You also agreed to provide us with Peterson's written supplemental RFP responses and the contact information for the individuals listed by defendants in their interrogatory responses. We will proceed with the motion to compel for any interrogatory or RFP for which a complete response or responsive documents are not provided.
          You also served today responses to Peterson's responses to ACS' second set of interrogatories and second set of RFPs. You did not serve ETSG' responses to ACS' second set of RFPs but promised to do so shortly.
          You also stated that Peterson and ETSG collectively used one computer owned by Peterson that is responsive to RFPs seeking to inspect relevant computers. I told you that our computer expert could come to Ms. Peterson's home and would need 3 to 4 hours to inspect the computer and is available to do so at any time, including evenings and weekends. You promised to get back to me shortly with a time for that inspection to occur.
          We agreed to consent to extend the time for defendants to respond to ACS' motion to compel to August 31, 2007 to allow the things mentioned above to occur. We also will depose Ms. Peterson and ETSG on September 25 and 26. We will select the order and send out notices shortly after Labor Day. I will also try to confirm Bill Mooney's availability for the week of September 17.
          Please let me know if you believe this e-mail misstates our understanding in any way. Thank you.

9/7/2007

John M. Remy
**jackson||lewis**
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
direct dial: (703) 821-4306
fax: (703) 821-2267
e-mail: remyj@jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

Exhibit E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counter Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC'S AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  PLAINTIFF/COUNTER DEFENDANT NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant

Enterprise Technology Services Group, LLC, (hereafter, "ETSG")makes the

following amended and supplemental responses to plaintiff/counter defendant

American Chemical Society's (hereafter, "ACS") First Request for Production

of Documents served upon it by mail:

## GENERAL OBJECTIONS

Defendant objects to the request for production of documents served upon it by plaintiff/counter defendant to the extent that they exceed the number of requests permitted by the Rules of Civil Procedure and the Local Rules of this Court, to the extent that the request seeks the production of documents with privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the request for documents seeks documents with information that is not relevant to any issue involved with this action or such document requested is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial. Without waiving any of these objections, defendant ETSG responds as follows.

## DOCUMENTS TO BE PRODUCED

1. All documents relied upon to answer ACS' Interrogatories.

RESPONSE:

ETSG does not have a further answer or response to this request for documents.

2. All documents relating to any communication between ETSG and any current or former employee or agent of ACS from January 1, 2005 to the present.

-2-

RESPONSE:

ETSG does not have a further answer or response to this request for documents.

3. All documents relating to all contracts between ETSG and ACS.

RESPONSE:

The requested documents that are currently in ETSG's custody, possession, and control are attached hereto as Attachment 1.

4. All documents relating to the alleged March 3, 2005 contract purportedly signed by Peterson and Bill Mooney.

RESPONSE:

ETSG does not have a further answer or response to this request for documents.

5. All documents relating to work performed or services provided by ETSG for ACS.

RESPONSE:

The requested documents that are currently in ETSG's custody, possession, and control are attached hereto as Attachment 2 and on included computer disk.

6. All documents relating to hours worked or recorded by any ETSG employee or contractor or other person where such hours or work relate in any way to ACS or any ACS project.

RESPONSE:

The requested documents that are currently in ETSG's custody, possession, and control are attached hereto as Attachment 3.

7.    All documents relating to hours worked or recorded by Audrey McLaren, regardless of the client or customer, from January 1, 2005 to the present.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents, with the exception of the additional documents that that are related to ACS and are in ETSG's possession, custody, and control, which are hereby produced as Attachment 4.

8.    All documents relating to bills, invoices, or charges submitted to ACS by ETSG, including all documents relating to hours worked or services performed that were the subject of the bill, invoice, or charge.

RESPONSE:

The additional requested documents that are in ETSG's possession, custody, and control are produced as Attachment 5.

9.    All documents relating to all payments of any type or nature received by ETSG from ACS.

RESPONSE:

The requested documents that are in ETSG's possession, custody, and control are produced as Attachment 6.

10.   All documents relating to all payments of any type or nature received by ETSG from any client or customer other than ACS from January 1, 2004 to the present.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

11.  All documents relating to ETSG's relationship with or employment of Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between ETSG and Ms. Aaron (Hunt).

RESPONSE:

The documents that are currently in ETSG's custody, possession, and control are produced as Attachment 7.

12.  All documents relating to ETSG's relationship with or employment of Audrey McLaren, including all communications between ETSG and Ms. McLaren.

RESPONSE:

The documents that are currently in ETSG's custody, possession, and control are produced as Attachment 8.

13. All documents relating to ETSG's relationship with or employment of the individuals identified in response to Interrogatory No.. 7, including all communications between ETSG and the identified individuals.

RESPONSE:

The documents that are currently in ETSG's custody, possession, and

-5-

control are produced as Attachment 9.

14  All documents identifying the current and former officers, directors, owners, members, shareholders, representatives, employees or independent contractors of ETSG.

RESPONSE:

The documents that are currently in ETSG's custody, possession, and control are attached hereto as Attachment 10.

15.  All documents relating to the creation, formation, or organization of ETSG.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

16.  All  documents  relating  to  ETSG's  bylaws,  articles  of incorporation, and licenses to do business in any state.

RESPONSE:

The requested documents that are in ETSG's custody, possession, and control are produced as Attachment 11.

17.  All documents relating to any payments of any type or nature made by ETSG to Peterson between January 1, 2003 and the present.

RESPONSE:

Without waiving its previous objections, the documents that are in ETSG's custody, possession, and control are produced as Attachment 12.

18. All documents relating to any payments of any type or nature made by ETSG to Audrey McLaren between January 1, 2003 and the present.

RESPONSE:

See Attachment 4.

19. All documents relating to any payments of any type or nature made by ETSG to any ETSG employee, contractor, or other person who performed any work or services for ACS between January 1, 2005 and the present, including the individuals identified in response to Interrogatory no. 7.

RESPONSE:

See attachment 4 and computer disk.

20. ETSG's federal and state tax returns for 2004, 2005, 2006, and 2007.

RESPONSE:

The requested documents that are in ETSG's custody, possession, and control are produced as Attachment 13.

21. All documents relating to every bank account/credit union account opened or maintained by ETSG since January 1, 2005, including those accounts identified by you in response to Interrogatory no. 10, including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

ETSG does not have a further answer or response to this request for

production of documents.

22. All documents relating to ETSG's finances and financial accounting for the years 2004, 2005, 2006, and 2007, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

23. All documents relating to any wire or other electronic transfers of any funds from or initiated by Peterson to any person from January 1, 2005 to the present.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

24. All documents relating to any insurance policies held or taken out by ETSG for the years 2004, 2005, 2006, and 2007.

RESPONSE:

ETSG did not, and does not have any insurance policies for any of the years inquiries about.

25. All documents relating to any amount paid or provided by ETSG to

any person.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

26.    All documents relating to any legal action responsive to Interrogatory no. 15.

RESPONSE:

No such documents exists because ETSG has not been a party to a legal action.

27.    All documents relating to any income received by ETSG from any source since January 1, 2004, including, but not limited to, pay stubs, Forms W-2 or 1099s.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

28.    Produce for inspection by a forensic computer expert any computers owned by ETSG or used for any ETSG-related purpose, including but not limited to accounting, invoicing, and making any payments.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

-9-

29. All documents relating to any civil or criminal legal action in which ETSG was a plaintiff or defendant.

RESPONSE:

No such documents exists because ETSG was never a party to any of these proceedings.

30. All documents identified in your responses to the Interrogatories that were served herewith.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

31. All documents relating to any fact, allegation, or issue in this case.

RESPONSE:

ETSG does not have a further answer or response to this request for production of documents.

Respectfully submitted,

Dated: August 25, 2007        BY: _Wayne Marcus Scriven_

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE     TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-PLAINTIFF NEKOL
BELL PETERSON

## <u>CERTIFICATE OF SERVICE BY OVERNIGHT DELIVERY</u>

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant Enterprise Technology Services Group, LLC"s Amended and Supplemental Responses to Plaintiff/Counter defendant's First Request for Production of Documents was deposited for overnight delivery to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff/Counter Defendant,
AMERICAN CHEMICAL SOCIETY

I deposited this document with an overnight delivery service for hand delivery to the person named above at the stated address on August 25, 2007.

Dated: August 25, 2007                   BY: _Wayne Marcus Scriven_____
                                              Wayne Marcus Scriven

-12-

Exhibit F

Attachment 6

ETSG-00179

Attachment 7

ETSG-00180

Attachment 8

ETSG-00181

Attachment 9

ETSG-00182

Attachment 10

ETSG-00183

Attachment 11

ETSG-00195

Attachment 12

ETSG-00196

Exhibit G

Checks Written to Nekol Bell Peterson From ETSG

| Date | Amount |
|---|---|
| 3/16/2006 | 3000 |
| 3/9/2006 | 3000 |
| 5/15/2006 | 2000 |
| 2/22/2006 | 4000 |
| 1/24/2006 | 15000 |
| 11/2/2006 | 3500 |
| 9/29/2006 | 3000 |
| 8/24/2006 | 1400 |
| 8/24/2006 | 1000 |
| 7/22/2006 | 1000 |

Exhibit H

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counter Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | (DAR) |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT/COUNTER PLAINTIFF BELL PETERSON'S AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF/COUNTER DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  PLAINTIFF/COUNTER DEFENDANT NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant/counter plaintiff Nekol Bell Peterson (hereafter, "Bell Peterson") makes the following amended and supplemental responses to plaintiff/counter defendant American Chemical Society's (hereafter, "ACS") First Request for Production of Documents served upon her by mail:

## GENERAL OBJECTIONS

Defendant/counter plaintiff objects to the request for production of documents served upon her by plaintiff/counter defendant to the extent that they exceed the number of requests permitted by the Rules of Civil Procedure and the Local Rules of this Court, to the extent that the request seeks the production of documents with privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the request for documents seeks documents with information that is not relevant to any issue involved with this action or such document requested is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial. Without waiving any of these objections, defendant/counter plaintiff responds as follows.

## DOCUMENTS TO BE PRODUCED

20. All documents relating to any amount paid or provided by ETSG to any person, including independent contractors, employees, and other persons.

**RESPONSE:**

ETSG does not have custody, possession, or control of the requested documents but it is willing to execute an authorization and release for ACS to obtain copies of its bank records at its expense concerning these payments.

-2-

No such documents have been provided to Bell Peterson's counsel of record.

23.    All documents relating to any income received by you from any source since January 1, 2003, including, but not limited to, pay stubs, and Forms W-2 or 1099s.

RESPONSE:

Ms. Bell Peterson does not have the requested documents in her possession, custody, or control but will execute an authorization and release for ACS to obtain this information at its expense. Ms. Bell Peterson has not provided any such documents to her counsel of record.

24.    All documents relating to any wire or electronic transfers of any funds from or initiated by Peterson to any person (including Peterson) from January 1, 2005 to the present, including but not limited to all transfers from NASA Federal Credit Union to a First Citizens Bank in Darlington, South Carolina.

RESPONSE:

Ms. Bell Peterson does not have the requested documents in her possession, custody, or control but will execute an authorization and release for ACS to obtain this information at its expense. Ms. Bell Peterson has not provided any such documents to her counsel of record.

30.    All documents relating to each educational institution identified in

-3-

response to Interrogatory no. 5.

RESPONSE:

The requested documents that are in Bell Peterson's possession, custody, and control are produced as Attachment 1 hereto.

31. All documents relating to your response to Interrogatory no. 6.

RESPONSE:

No such documents exists because Bell Peterson did not apply for any of the noted benefits.

32. All documents relating to the damages you are seeking in the Counterclaims, including all documents relating to your response to Interrogatory no. 10.

RESPONSE:

Bell Peterson has submitted the liquidated damages clause of the written employment contract of the parties. Otherwise, no other documents currently exists, according to Bell Peterson's information and belief.

34. All documents, including all contracts, purchase orders, or invoice approvals/verifications, you signed on behalf of ACS or as an ACS employee or agent.

RESPONSE:

Ms. Bell Peterson does not have possession, custody, or control of

-4-

any such documents.

35.    All documents relating to all contracts between ETSG and ACS.

RESPONSE:

The requested documents that are currently in Bell Peterson's possession, custody, and control are produced as Attachment 2 hereto.

38.    All documents relating to hours worked or recorded by Audrey McLaren, regardless of the ETSG client or customer, from January 1, 2005 to the present.

RESPONSE:

Ms. Bell Peterson objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Without waiving said objection,    Bell Peterson has already produced documents concerning McLaren's hours worked or recorded in regards to ACS.

40.    All documents relating to all payments of any type or nature received by ETSG from ACS.

RESPONSE:

Bell Peterson does not have custody, possession, or control of the requested documents.

42.    All documents relating to ETSG's relationship with or

-5-

employment of Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between ETSG and Ms. Aaron (Hunt).

RESPONSE:

Bell Peterson does not have custody, possession, or control of the requested documents. No such documents have been provided to Bell Peterson's counsel of record.

43.    All documents relating to ETSG's relationship with or employment of Audrey McLaren, including all communications between ETSG and Ms. McLaren.

RESPONSE:

Bell Peterson and ETSG have already produced the documents that are in their possession, custody, and control..

44.    All documents identifying the current and former officers, directors, owners, members, shareholders, representatives, employees or independent contractors of ETSG.

RESPONSE:

Bell Peterson has already produced the requested documents.

46.    All documents relating to ETSG's bylaws, articles of incorporation, and licenses to do business in any state. All documents relating to every bank account/credit union account opened or maintained by ETSG since January 1, 2005, including all bank records,

-6-

account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

ETSG does not have custody, possession, or control of the requested documents but it is willing to execute an authorization and release for ACS to obtain copies of its bank records at its expense concerning these payments. No such documents have been provided to Bell Peterson's counsel of record.

47. All documents relating to ETSG's finances and financial accounting for the years 2004, 2005, 2006, and 2007, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Without waiving said objection,   in regards to the non-financial information requested, ETSG does not have custody, possession, or control of the requested documents but it is willing to execute an authorization and release for ACS to obtain copies of its bank records at

-7-

its expense concerning these payments.  No such documents have been
provided to Bell Peterson's counsel of record.

Respectfully submitted,

Dated: August 31, 2007          BY: _____

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975
Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER PLAINTIFF NEKOL
BELL PETERSON

-8-

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant/Counter Plaintiff's Amended and Supplemental Responses to Plaintiff/Counter Defendant's First Request for Production of Documents was mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff/Counter Defendant,
AMERICAN CHEMICAL SOCIETY

I deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on August 31, 2007, after first affixing sufficient postage on it.

Dated: August 31, 2007          BY: _____
                                    Wayne Marcus Scriven

-9-

Exhibit I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counter Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT/COUNTER PLAINTIFF BELL PETERSON'S AMENDED AND SUPPLEMENTAL ANSWERS AND RESPONSES TO PLAINTIFF/COUNTER DEFENDANT AMERICAN CHEMICAL SOCIETY'S FIRST SET OF INTERROGATORIES

TO:   PLAINTIFF/COUNTER DEFENDANT NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant/counter plaintiff Nekol Bell Peterson makes the following amended and supplemental answers and responses to plaintiff/counter defendant American Chemical Society's First Set of Interrogatories served upon her by mail:

## GENERAL OBJECTIONS

Defendant/counter plaintiff objects to the interrogatories  served upon her by plaintiff/counter defendant to the extent that they exceed the number of interrogatories permitted by the Rules of Civil Procedure, to the extent that the interrogatories request privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the interrogatories requested information that is not relevant to any issue involved with this action or such interrogatory is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial.    Without waiving any of these objections, defendant/counter plaintiff answers and responds as follows.

## INTERROGATORIES

3.  Identify each person known to Peterson to have knowledge of facts relating to any allegation in the Complaint or Counterclaim or any defense raised by Peterson or ETSG in their answer to the Complaint, and for each such person, state all the facts believed to be known by that person.

ANSWER:

a.    Matrice Aaron Hunt
      5344 C Street, NW; Washington, DC 20019.

b.    David Smith, Sr.
      2475 Northwinds Parkway; Alpharetta, Georgia 30004

-2-

8.   Identify each job or position of any nature that you applied for during the time period from February 1, 2005 to the present, but did not obtain.

ANSWER:

Bell Peterson does not currently have this information.    No such information has been provided to Bell Peterson's counsel of record.

15.   Identify every contractor or vendor, whether an individual or corporation, you hired or retained, or sought permission to hire or retain, as an ACS employee.

ANSWER:

| Contractor/Vendor | Date of Hire |
|---|---|
| Udaya Kumar | Did not accept offer |
| Address is unknown | |

Respectfully submitted,

Dated: August 31, 2007            BY: _____
                                                    Wayne Marcus Scriven, Esq.
                                                    SCRIVEN LAW OFFICES
                                                    1655 North Fort Myer Drive
                                                    Suite 700
                                                    Arlington, VA 22209
                                                    Tel. (703) 248-2608
                                                    Fax. (703) 351-5298
                                                    DC BAR No. 438642
                                                    w-marcus-scriven@msn.com

-3-

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER PLAINTIFF NEKOL
BELL PETERSON

-4-

## CERTIFICATE OF SERVICE BY FAX AND MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendant/Counter Plaintiff's Amended and Supplemental Answers and Responses to Plaintiff/Counter Defendant's First Set of Interrogatories was faxed and mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff/Counter Defendant,
AMERICAN CHEMICAL SOCIETY

I faxed and deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on August 31, 2007, after first affixing sufficient postage on it.

Dated: August 31, 2007           BY: _____
                                      Wayne Marcus Scriven

-5-

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN CHEMICAL SOCIETY

            Plaintiff/Counter-Defendant,

   v.

ENTERPRISE TECHNOLOGY SERVICES
GROUP, LLC, et al.

            Defendants/Counter-Plaintiff.

Civil Action No.:  1:07cv00375(PLF)
(DAR)

## ORDER

      The Court has reviewed Plaintiff's motion to compel and for sanctions, and all arguments submitted in support thereof and in opposition thereto.  Finding good cause, the motion is hereby GRANTED.  Within five (5) days of the date of this Order, Defendants Peterson and Enterprise Technology Services Group, LLC ("ETSG") shall do the following:

      1.    Provide full and complete responses and copies of all responsive documents to counsel for plaintiff for RFPs 20, 23, 24, 31, 34, 38, 40, 41, 42, 43, 46 and 47 to Peterson; Interrogatories 4, 6, 11,  13, and 14 to ETSG; and RFPs 7, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 27 to ETSG;

      2.    Provide full contact information for all individuals listed in response to interrogatories 3 to Peterson and interrogatories 3 and 7  to ETSG;

      3.    Arrange for a mutually agreeable time and location for the production for inspection by plaintiff's forensic computer expert all computers used by Peterson and ETSG for ETSG's business purposes in response to RFP 29 to Peterson and 28 to ETSG, including the computer on which all ETSG invoices to ACS were or are created or stored;

4.    Pay to ACS a total of $3,000 ($1,500 per defendant) to reimburse ACS for the costs of its motion to compel, including attorneys' fees;

5.    Pay to the Clerk of the Court $5,000 ($2,500 per defendant) as a sanction for violating the Court's June 19, 2007 order.


If Peterson and/or ETSG fails to comply with this Order in any respect or in the time prescribed, ACS shall file a motion for additional discovery and litigation sanctions which will be considered by the Court in light of the degree of non-compliance and the party's prior conduct.


IT IS SO ORDERED, this _____ day of September, 2007.


                              _____
                              United States Magistrate Judge