## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC, et al.<br><br>Defendants/Counter-Plaintiff. | Civil Action No.: 1:07cv00375(PLF) (DAR) |

## STATUS REPORT ON DEFENDANTS' PRODUCTION OF DOCUMENTS

On October 2, 2007, Judge Robinson granted ACS' motion to compel. The October 2 order required defendants to provide complete responses and documents to all outstanding discovery by October 12, 2007. On October 4, 2007 ACS' counsel sent defense counsel a letter listing all outstanding RFPs and interrogatories. (See Exhibit A). Defense counsel did not dispute the outstanding RFPs and interrogatories. Accordingly,

- RFPs 20, 23, 24, 31, 34, 38, 40, 41, 42, 43, 46 and 47 to Peterson;

- Interrogatories 4, 6, 11, 13, and 14 to ETSG; and

- RFPs 7, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 27 to ETSG.

On October 12, 2007, defense counsel served supplemental RFP responses for defendant Peterson. (See Exhibit B). On October 15, 2007, defense counsel served supplemental RFP and Interrogatory responses for ETSG. (See Exhibits C and D).

### A.    Peterson's Response to RFPs

Pursuant to the Court's order, Peterson was required to provide complete responses to RFPs 20, 23, 24, 31, 34, 38, 40, 41, 42, 43, 46 and 47. On October 12, 2007, Peterson's

supplemental response provided no documents responsive to RFPs 31, 34, 42, and 43 purported because Peterson "does not have possession, custody, and control of any of the requested documents." In Peterson's July 2 RFP response, she responded to these four requests by stating she was in the process of "accumulating" responsive documents and would provide them "within the next seven days." Peterson's recent supplemental response does not explain how she could have been accumulating documents in July but not posses any documents in October.

### B.    ETSG's Response to RFPs

Pursuant to the Court's order, ETSG was required to provide complete responses to RFPs 7, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 27 by October 12, 2007. ETSG did not serve any supplemental responses until October 15. When ETSG did respond, it provided  no documents responsive to RFPs 10, 11, 12, 13, 16, 20, and 24. ETSG objected to RFP 10. In response to RFPs 11, 12, 13, 16, 20, and 24, ETSG claimed not to have responsive documents. In its July 2007 responses, ETSG claimed to be "accumulating" documents responsive to RFPs 11, 12, 13, 16, and 20. These RFPs seek information concerning ETSG contractors (RFPs 11, 12 and 13), ETSG's bylaws and articles of incorporation (RFP 16), and tax returns (RFP 20). ETSG did not explain how it could have accumulating documents in July but not posses any documents in October.

### C.    ETSG's Response to Interrogatories

ETSG was required to respond to interrogatories 4, 6, 11, 13, and 14 by October 12. On October 15, 2007 defense counsel served ETSG's supplemental Interrogatory responses. (See Exhibit D). ETSG responded to interrogatories 6 and 11. However, ETSG objected to interrogatory 4 and refused to provide any responsive information. ETSG claims it "does not have information that was lost due to computer disk failures" in response to interrogatories 13

2

and 14. These two interrogatories go to the heart of this case. They seek information about the amounts ETSG billed to ACS on a monthly basis and the hours worked by ETSG as contractors to support its bills. In prior responses, ETSG never before claimed to have lost this crucial data.

### D.    ETSG's Supplemental Responses to RFPs Failed to Include Documents for which Prior Attachments were Blank

On August 25, 2007 defense counsel served another supplemental RFP response for ETSG. This supplemental response contained 13 attachments corresponding to certain RFPs. In response to RFPs 9, 11, 12, 13, and 16 (which were the subject of ACS' motion to compel), ETSG referred ACS to documents produced under attachments 6, 7, 8, 9, and 11, respectively. These attachments were blank and did not contain any documents. Defense counsel's October 15 supplemental RFP response for ETSG included documents in response to RFP 9. The supplemental RFP response did not include any documents in response to RFPs 11, 12, 13, and 16. This is so even though, as little as two months ago, ETSG claimed to be in possession of responsive documents.

### E.    Depositions

During depositions of Peterson and McLaren, both testified to the existence of the following documents but did not produce them in discovery:

#### 1.    Nekol Bell Peterson Testimony

a. Tax documents issued to ETSG employees that have not been produced due to "moving and the chaos of this whole case and managing other clients." (Peterson Tr. at 201 line 3). (See Exhibit E). (Documents responsive to RFP 20 to Peterson and RFPs 9 and 19 to ETSG).

- Defendants did not produce any tax documents issued to ETSG employees.

b. Peterson testifies that requested corporate minutes may be in the boxes they have yet to review.  (Peterson Tr. at 275 line 8).   (See Exhibit E).

- Defendants did not produce any documents relating to corporate minutes.

## 2.     **Audrey McLaren Testimony (ETSG Corporate Designee)**

a.  Manually maintained ETSG financial books and records have not been produced because they are "probably boxed up somewhere." (McLaren Tr. at 24 line 25).  (See Exhibit F). McLaren testified that these manual records were created after ETSG computers crashed and ETSG went  back to the "basics of using pen and paper and green paper."  (McLaren Tr. at 24 line 11).  (See Exhibit F).  (Documents responsive to RFPs 9 and 22 to ETSG).

- Defendants did not produce any manually maintained ETSG financial books and records.

Respectfully submitted,

JACKSON LEWIS LLP

Dated: October 22, 2007          By:     /S/ _____

John M. Remy (D.C. Bar No. 461244)
Jennifer A. Harper (D.C. Bar No. 502828)
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
(703) 821-2189
(703) 821-2267 Facsimile
remyj@jacksonlewis.com
harperj@jacksonlewis.com
ATTORNEYS FOR PLAINTIFF/COUNTER-
   DEFENDANT

# Exhibit A

Representing Management Exclusively in Workplace Law and Related Litigation



Jackson Lewis LLP
8614 Westwood Center Drive
Suite 950
Vienna, VA 22182
Tel 703 821-2189
Fax 703 821-2267
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LONG ISLAND, NY | PROVIDENCE, RI |
| BIRMINGHAM, AL | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| BOSTON, MA | MIAMI, FL | RICHMOND, VA |
| CHICAGO, IL | MINNEAPOLIS, MN | SACRAMENTO, CA |
| CLEVELAND, OH | MORRISTOWN, NJ | SAN FRANCISCO, CA |
| DALLAS, TX | NEW YORK, NY | SEATTLE, WA |
| DENVER, CO | ORANGE COUNTY, CA | STAMFORD, CT |
| GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| HARTFORD, CT | PITTSBURGH, PA | WHITE PLAINS, NY |
| HOUSTON, TX | PORTLAND, OR | |

MY DIRECT DIAL IS: 703-821-4306
MY EMAIL ADDRESS IS: REMYI@JACKSONLEWIS.COM
ADMITTED IN VA, MD & DC

October 4, 2007

**VIA E-MAIL AND OVERNIGHT DELIVERY**
Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive, Suite 700
Arlington, VA 22209

RE:    American Chemical Society v.
Enterprise Technology Services Group, LLC
and Nekol Bell-Peterson Civil Action No.:
1:07cv00375

Dear Marcus:

This letter concerns Judge Robinson's order granting ACS' motion to compel. As noted in the proposed order ACS submitted with its reply brief in support of the motion to compel, the following are the outstanding interrogatories and document requests to which defendants must provide responsive information and documents by October 12, 2007:

- RFPs 20, 23, 24, 31, 34, 38, 40, 41, 42, 43, 46 and 47 to Peterson;

- Interrogatories 4, 6, 11, 13, and 14 to ETSG; and

- RFPs 7, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 27 to ETSG.

Based upon defendants' initial discovery responses that they were "accumulating" responsive information and documents and their deposition testimony that specific documents exist and that other documents exist in up to 22 boxes (10 in Ms. Peterson's house, 12 in Ms. McLaren's house, and an unknown number in Ms. Hunt's house), we will not accept the excuse that the information and documents "do not exist." Specifically, your clients testified that the following documents currently exist:

- A Form 1099 from ASIAM to Ms. Peterson and tax documents from ETSG to employees and contractors, including Ms. Hunt;

- Corporate minutes;



- Bank records, invoices, receipts and other "shoebox accounting" documents that are being used to recreate quickbooks and other electronic financial records;

- Work product created and e-mailed by Rishi Sanditi and Rakesh Kumar to Ms. Peterson and ETSG;

- The ETSG distribution agreement;

- Documents reflecting the corporate transaction between ETSG and Defense Science Technologies that led to ETSG becoming a subsidiary of Defense Science Technologies;

- ETSG financial and accounting records maintained on green-lined accounting paper by Ms. McLaren since the end of 2006;

- Handwritten timesheets maintained by Ms. McLaren in spiral-bound notebooks; and

- Documents reflecting the work Ms. Peterson allegedly performed for ASIAM and EITS that supposedly led to those companies paying ETSG.

The documents mentioned immediately above were all identified by your clients in deposition as currently existing, are all responsive to outstanding discovery requests, and none has been produced. To be clear, the scope of our requests and the outstanding documents far exceed these specific documents. But, these documents must be produced in addition to other responsive documents, including but not limited to the documents in the 22+ boxes. As required by the federal rules, we expect all documents to be produced indicating to which particular request they are responsive or as they are maintained in the ordinary course of business.

During both depositions, Ms. McLaren and Ms. Peterson testified that they are in the process of "recreating" certain documents, including the recreation of certain documents "from memory". As you know, a party cannot maintain that a document is an original for purposes of litigation when, in fact, the document has been recently created. Therefore, to prevent any misunderstanding or further allegations of fraud and fabrication, we request that any recently created documents be clearly labeled as such.

As I stated at the end of the depositions and the hearing, ACS is willing to review all of the 22+ boxes, cull out the relevant documents, and make copies at its cost. I offer our offices for this exercise, and your clients can be present during the review. This appears to be the most reasonable way to examine these boxes with the least disruption to, and effort by, your clients. To be clear, our offer to review these boxes does not mean we are limiting our request to documents contained in these boxes. ACS is entitled to all responsive documents, whether or not located in these boxes. My offer is simply to assist defendants in one aspect of their production obligations relating to the 22+ boxes.

With regard to computers covered by the Court's order, at least two responsive ETSG computers exist to which ACS has not been provided access. First, Ms. McLaren testified that, after one of the computers crashed in late 2006, ETSG had the operating system reinstalled in early 2007 and has been using the computer since for ETSG invoicing and other purposes. Second, Ms. Peterson and Ms. McLaren testified that they purchased a new computer within the last month or so on which they were recreating ETSG financial records. We have not had access to either of these computers. Pursuant to



the Court's order, defendants are required to provide ACS' expert with access to both of these computers by October 12, 2007. Our experts are available to inspect these computers any time between now and October 12 with reasonable notice. As before, our experts will likely need 3 to 4 hours for the inspection of each computer. Pursuant to the Court's order, if more computers exist that have "ever" been contained an ETSG-relate document, we are entitled to inspect those computers as well before October 12.

There are two other points related to the computer issue. First, Ms. McLaren testified that "it's possible" the invoices produced by ETSG during discovery were recently recreated. This would explain differences between these copies and the original invoices submitted by ETSG to ACS in 2005 and 2006. Therefore, it is essential we have access to the computer(s) on which ETSG's invoices were and are stored and/or created. Second, Ms. McLaren also testified that there are multiple zip, thumb, or flash drives "floating around" with ETSG documents and information on them. It goes without saying that these drives fall within the scope of the RFPs because they contain responsive electronic documents. ACS willing to accept the drives as is and pay the cost of printing the documents from these drives.

Finally, defendants have still not provided complete identifying/contact information (as explained in the instructions to the interrogatories) for the individuals listed in response to interrogatories 3 to Peterson and interrogatories 3 and 7 to ETSG. This includes identifying/contact information for Preston McGee, Rakesh Kumar, Rishi Sanditi, David Smith Sr. and others.

Please let me know (1) when we can expect the information and documents responsive to the outstanding requests identified in this letter; (2) if you will be bringing boxes to our office for us to review; and (3) when our computer expert can inspect all computers used at any point for any ETSG purpose. Thank you.

Very truly yours,

JACKSON LEWIS LLP

John M. Remy

cc: David Smorodin

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Complainant. | ) | |
| | ) | |
| | ) | |

DEFENDANT/COUNTER-COMPLAINANT'S AMMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

TO:  PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant/counter-complainant Nekol Bell Peterson (hereafter, "Bell Peterson") makes the following amended and supplemental responses to plaintiff American Chemical Society's (hereafter, "ACS") First Request for Production of Documents served upon her by mail:

GENERAL OBJECTIONS

Defendant/counter-complainant objects to the request for production of

documents   served upon her by plaintiff to the extent that they exceed the number of requests permitted by the Rules of Civil Procedure and the Local Rules of this Court, to the extent that the request seeks the production of documents with privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the request for documents seeks documents with information that is not relevant to any issue involved with this action or such document requested is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial.      Without   waiving   any   of these objections, defendant/counter-complainant responds as follows.

## DOCUMENTS TO BE PRODUCED

20.   All   documents   relating   to   any   amount   paid   or   provided   by ETSG to any person, including independent contractors, employees, and other persons.

RESPONSE:

The requested documents that are in Bell Peterson's possession, custody, and control are attached hereto as Attachment 1.

23.  All documents relating to any income received by you from any source since January 1, 2003, including, but not limited to, pay stubs, and Forms W-2 or 1099s.

-2-

RESPONSE:

Without waiving her previous objection, Ms. Bell Peterson hereby produces document regarding income from ACS, ETSG, and ESG, beginning January 2005 through January 2007 that are currently in her possession, custody, and control as Attachment 2.

24. All documents relating to any wire or electronic transfers of any funds from or initiated by Peterson to any person (including Peterson) from January 1, 2005 to the present, including but not limited to all transfers from NASA Federal Credit Union to a First Citizens Bank in Darlington, South Carolina.

RESPONSE:

Without waiving her previous objection, Ms. Bell Peterson hereby produces the requested documents that are currently in her possession, custody, and control as Attachment 3.

31.    All documents relating to your response to Interrogatory no. 6.

RESPONSE:

Ms. Bell Peterson does not have possession, custody, and control of any of the requested documents.

34. All documents, including all contracts, purchase orders, or invoice approvals/verifications, you signed on behalf of ACS or as an ACS

-3-

employee or agent.

RESPONSE:

Ms. Bell Peterson does not have any of the requested documents in her possession, custody, and control.

36. All documents relating to work performed or services provided by ETSG for ACS.

RESPONSE:

Ms. Bell Peterson hereby produces the requested documents that are currently in her possession, custody, and control as Attachment 4.

38. All documents relating to hours worked or recorded by Audrey McLaren, regardless of the ETSG client or customer, from January 1, 2005 to the present.

RESPONSE:

On behalf of ETSG, Ms. Bell Peterson hereby produces the requested documents that are currently in her possession, custody, and control as Attachment 5. Per ACS' request, all of the attached invoices have the name of Audrey McLaren, even though other persons actually performed the work, because ACS directed ETSG to do so since Ms. McLaren was the only ETSG resource to sign the independent contractor agreement with ACS.

40. All documents relating to all payments of any type or nature received by ETSG from ACS.

RESPONSE:

On behalf of ETSG, Ms. Bell Peterson hereby produces the requested

documents that are currently in her possession, custody, and control as Attachment 6.

41. All documents relating to all payments of any type or nature received by ETSG from any client or customer other than ACS from January 1, 2004 to the present.

RESPONSE:

Without waiving the previous objections, on behalf of ETSG, Ms. Bell Peterson hereby produces the requested documents that are currently in her possession, custody, and control as Attachment 5.

42. All documents relating to ETSG's relationship with or employment of Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between ETSG and Ms. Aaron (Hunt).

RESPONSE:

Other than the professional services contract signed by Ms. Hunt on behalf of ETSG with Kathleen Cullins on behalf of ACS, which has been previously produced, ETSG does not have possession, custody, or control of any of the requested documents. With the exception being that ETSG has previously provided ACS with a response to a document request that included the operating agreement that shows Matice Aaron Hunt relationship as an owner/member of ETSG.

43. All documents relating to ETSG's relationship with or employment of Audrey McLaren, including all communications between

-5-

ETSG and Ms. McLaren.

RESPONSE:

ETSG does not have possession, custody, or control of any of the requested documents. With the exception being that ETSG has previously provided ACS with a response to a document request that included the operating agreement that shows Audrey McLaren's relationship as an owner/member of ETSG.

46.    All documents relating to ETSG's bylaws, articles of incorporation, and licenses to do business in any state. All documents relating to every bank account/credit union account opened or maintained by ETSG since January 1, 2005, including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

In addition to the articles of incorporation that has been previously produced, Bell Peterson, on behalf of ETSG, has produced the requested documents that are currently in its possession, custody, and control as Attachments 1 and 6.

47.    All documents relating to ETSG's finances and financial accounting for the years 2004, 2005, 2006, and 2007, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

-6-

RESPONSE:

Without waiving the previous objections, Bell Peterson, on behalf of ETSG, has produced the requested document that are currently in its possession, custody, and control as Attachments 1 and 6.

Respectfully submitted,

Dated: October 12, 2007         BY: _____

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

–7–

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-COMPLAINANT
NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY HAND DELIVERY

I, the undersigned, hereby certify that a copy of the attached and foregoing and attached Defendant/Counter-Complainant's Ammended and supplemental Responses to Plaintiff's First Request for Production of Documents was faxed and mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

I hand delivered the above noted mail to the addressee named above at the stated address on October 12, 2007.

Dated: October 12, 2007          BY: _____
                                      Wayne Marcus Scriven

−9−

# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | 1:07CV00375 (PLF) |
| ) | |
| -v- ) | |
| ) | |
| ENTERPRISE TECHNOLOGY SERVICES ) | |
| GROUP, LLC, and ) | |
| NEKOL BELL PETERSON, ) | |
| ) | |
| Defendants/Counter-Complainant. ) | |
| ) | |
| ) | |
| _____ ) | |

DEFENDANT ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC'S
RESPONSES TO PLAINTIFF'S FIRST REQUEST
<u>FOR PRODUCTION OF DOCUMENTS</u>

TO:   PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Enterprise Technology Services Group, LLC, (hereafter, "ETSG")makes the following responses to plaintiff American Chemical Society's (hereafter, "ACS") First Request for Production of Documents served upon it by mail:

<u>GENERAL OBJECTIONS</u>

Defendant objects to the request for production of documents    served

upon it by plaintiff to the extent that they exceed the number of requests permitted by the Rules of Civil Procedure and the Local Rules of this Court, to the extent that the request seeks the production of documents with privileged information protected by the attorney-client privilege, or information protected by the attorney work product doctrine, or to the extent that the request for documents seeks documents with information that is not relevant to any issue involved with this action or such document requested is not reasonably calculated to lead to the discovery of relevant information or information admissible at trial. Without waiving any of these objections, defendant ETSG responds as follows.

## DOCUMENTS TO BE PRODUCED

7.    All documents relating to hours worked or recorded by Audrey McLaren, regardless of the client or customer, from January 1, 2005 to the present.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. Without waiving said objection, the requested documents that are related to ACS and are ETSG's possession,

-2.-

custody, and control have been produced with Attachments 1.

9.    All documents relating to all payments of any type or nature received by ETSG from ACS.

RESPONSE:

ETSG hereby produces document regarding income from ACS that are currently in its possession, custody, and control as Attachment 2.

10.  All documents relating to all payments of any type or nature received by ETSG from any client or customer other than ACS from January 1, 2004 to the present.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS, because of a confidential agreement it signed with such clients and customers, and, because such information is not relevant to the issues in this action, or will lead to the discovery of relevant evidence.

11   All documents relating to ETSG's relationship with or employment of Matice Aaron, a.k.a. Matice Aaron Hunt, including all communications between ETSG and Ms. Aaron (Hunt).

-3-

RESPONSE:

Other than the professional services contract signed by Ms. Hunt on behalf of ETSG with Kathleen Cullins on behalf of ACS, which has been previously produced, ETSG does not have possession, custody, or control of any of the requested documents. With the exception being that ETSG has previously provided ACS with a response to a document request that included the operating agreement that shows Matice Aaron Hunt relationship as an owner/member of ETSG.

12  All documents relating to ETSG's relationship with or employment of Audrey McLaren, including all communications between ETSG and Ms. McLaren.

RESPONSE:

ETSG does not have possession, custody, or control of any of the requested documents. With the exception being that ETSG has previously provided ACS with a response to a document request that included the operating agreement that shows Audrey McLaren's relationship as an owner/member of ETSG.

13. All documents relating to ETSG's relationship with or employment of the individuals identified in response to Interrogatory No.. 7, including all communications between ETSG and the identified individuals.

RESPONSE:

-4-

ETSG does not have possession, custody, or control of any of the requested documents. With the exception being that ETSG has previously provided ACS with a response to a document request that included the operating agreement that shows Matice Hunt's and Audrey McLaren's relationship as an owner/member of ETSG.

16. All documents relating to ETSG's bylaws, articles of incorporation, and licenses to do business in any state.

RESPONSE:

ETSG has provided ACS with the articles of incorporation. There are no licenses issued by any state because of the nature of the business as a closed corporation and LLC. ETSG has previously provided plaintiff ACS with a copy of its articles of incorporation.

17. All documents relating to any payments of any type or nature made by ETSG to Peterson between January 1, 2003 and the present.

RESPONSE:

ETSG has produced the requested documents that are currently in its possession, custody, and control as Attachments 3 for the relevant years.

18. All documents relating to any payments of any type or nature made by ETSG to Audrey McLaren between January 1, 2003 and the

-5-

present.

RESPONSE:

ETSG has produced the requested documents that are currently in its possession, custody, and control as Attachments 4 for the relevant years.

19. All documents relating to any payments of any type or nature made by ETSG to any ETSG employee, contractor, or other person who performed any work or services for ACS between January 1, 2005 and the present, including the individuals identified in response to Interrogatory no. 7.

RESPONSE:

ETSG has produced the requested documents that are currently in its possession, custody, and control as Attachments 5 for the relevant years.

20. ETSG's federal and state tax returns for 2004, 2005, 2006, and 2007.

RESPONSE:

ETSG does not have possession, custody, or control of any of the requested documents.

21. All documents relating to every bank account/credit union account opened or maintained by ETSG since January 1, 2005, including those accounts identified by you in response to Interrogatory no. 10,

-6-

including all bank records, account statements, transaction receipts or confirmations, canceled checks, check books, and computerized accounting software such as QuickBooks.

RESPONSE:

ETSG objects to providing personal and confidential financial information that is not related to any issue in this case, and they further state that this information is not only irrelevant to issues in this action but will not reasonably lead to the discovery of admissible or relevant evidence. Without waiving previous objections, the documents that are in ETSG possession are hereby produced in Attachment 6

22.    All documents relating to ETSG's finances and financial accounting for the years 2004, 2005, 2006, and 2007, including but not limited to financial statements/reports, audit reports, accounting books and ledgers, worksheets, reconciliations, information/data maintained by computerized accounting software such as QuickBooks, and profit and lost statements/reports.

RESPONSE:

Without waiving its previous objections, and subject to the Protective Order of the Court as confidential information, the requested documents that are in ETSG's possession, custody, and control are produced hereto as Attachment 7.

23.    All documents relating to any wire or other

-7-

electronic transfers of any funds from or initiated by Peterson to any person from January 1, 2005 to the present.

RESPONSE:

ETSG and Ms. Bell Peterson object to providing Ms. Bell Peterson's personal and confidential financial information that is not related to any issue in this case, and they further state that this information is not only irrelevant to issues in this action but will not reasonably lead to the discovery of admissible or relevant evidence. Without waiving the previous objections ETSG hereby produces the requested documents that are currently in her possession, custody, and control as Attachment 8.

24    All documents relating to any insurance policies held or taken out by ETSG for the years 2004, 2005, 2006, and 2007.

RESPONSE:

ETSG did not, and does not have any insurance policies for any of the years inquiries about.

27. All documents relating to any income received by ETSG from any source since January 1, 2004, including, but not limited to, pay stubs, Forms W-2 or 1099s.

RESPONSE:

ETSG objects to producing confidential, proprietary, and irrelevant information concerning its clients and customers, other than ACS. This is irrelevant. ETSG hereby produces the requested documents that are related to ACS that is currently in its possession, custody, and control as Attachment 9.

Respectfully submitted,

Dated: October 15, 2007

BY: /s/

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
  Suite
  700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-COMPLAINANT
NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY HAND DELIVERY

I, the undersigned, hereby certify that a copy of the attached and

foregoing Defendant Enterprise Technology Services Group, LLC's Supplement
and Amended Responses to Plaintiff's First Request for Production of
Documents was hand delivered to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

I delivered this mail to the above named persons at the stated

address on October 15, 2007.

Dated: October  15, 2007          BY: /s/_____

                                         Wayne Marcus Scriven

# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 1:07CV00375 (PLF) |
| | ) | |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter-Complainant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

DEFENDANT ENTERPRISE TECHNOLOGY SERVICES GROUP, LLC'S
SUPPLEMENTAL AND AMENDED ANSWERS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    PLAINTIFF NAMED ABOVE AND ITS COUNSEL OF RECORD:

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant
Enterprise Technology Services Group, LLC, (hereafter, "ETSG") makes the
following supplemental and amended answers and responses to plaintiff
American Chemical Society's (hereafter, "ACS") First Set of Interrogatories
served upon it by mail:

## GENERAL OBJECTIONS

Defendant objects to the interrogatories served upon it by plaintiff to the extent that they exceed the number of interrogatories permitted by the Rules

of Civil Procedure, to the extent that the interrogatories request

privileged information   protected by the attorney-client privilege, or

information protected by the attorney work product doctrine, or to the

extent that the interrogatories requested information that is not

relevant to any issue involved with this action or such interrogatory is

not reasonably calculated to lead to the discovery of relevant information

or information admissible at trial.   Without waiving any of these

objections, defendant ETSG answers and responds as follows.

## INTERROGATORIES

4.    Identify each ETSG customer or client or other person for whom ETSG has provided any services or performed any work since January 1, 2004 to the present.

ANSWER:

ETSG objects to providing its confidential clients' list or it proprietary business information, that is subject to a confidentiality agreement that was executed by ETSG and its clients.   Furthermore, ETSG states that this information is irrelevant to issues in this action and will not reasonably lead to the discovery of admissible or relevant evidence.

6.   For each individual identified in response to Interrogatory no. 6 (sic-no. 5 is presumption), state the amount of any and all compensation, money, reimbursements, or funds or remuneration of any type ETSG paid, transferred, or provided to that person for each of the following calendar years: 2005, 2006, 2007.
ANSWER:

| Name | Dates Involved | Payment |
|---|---|---|
| Audrey McLaren<br>9701 Apollo Drive<br>Largo, MD | September 2005-<br>February 2007 | $90,000(Est.) |
| Matice Aaron Hunt<br>9701 Apoll0 Drive<br>Largo, MD | September 2005-<br>February 2007 | $60,000 (Est.) |
| Rakesh Kumar<br>41/1 Bannerghatta Road<br>Bangalore 560029 | 3rd Quarter 2006-<br>December 2006 | $3,000 (Est.) |
| Rishi Sanditi<br>Bellandur Varthur Hobi<br>Bangalore 560037 | 3rd Quarter 2006-<br>December 2006 | $3,000 (Est.) |
| Nekol Bell Peterson<br>9701 Apollo Drive<br>Largo, MD | September 2005-<br>February 2007 | $120,000 (Est.) |

*Estimate-Records unavailable due to lost of data from computer drive

11.  Identify all payments, wire transfers, or other exchanges of funds

-3-

or money from ETSG to Peterson since January 1, 2005. Include in your answer the amount and date of each payment, transfer or exchange.

Answer

Without waiving its previous objections, ETSG has produced its bank records that are currently in ETSG's possession, custody, and control in response to plaintiff's request for its bank records.

13. State the amounts ETSG billed or charged ACS for any work or services from January 1, 2005 to the present. Your answer should indicate the amounts billed or charged ACS on a month-by-month basis.

ANSWER:

ETSG does not have information that was lost due to computer disk drive failures, but it has produced copies of all invoices that are currently in its possession, custody, and control in response to plaintiff's request for production of documents. ETSG has also produced a document with hours worked for a period of time from 2005-2006.

14. For each month for which ETSG billed or charged ACS any amount, provide a breakdown of the hours worked and amount charged in that month for each individual ETSG contractor, employee or other person who performed any work or services for ACS for which ETSG billed or charged ACS.

ANSWER:

ETSG does not have information that was lost due to computer disk drive failures, but it has produced copies of all invoices that are

-4-

currently in its possession, custody, and control in response to plaintiff's request for production of documents. ETSG has also produced a document with hours worked for a period time in response to plaintiff's request for production of documents for a period time form 2005-2006.

Respectfully submitted,

Dated: October 15, 2007            BY: /s/ _____

Wayne Marcus Scriven, Esq.
SCRIVEN LAW OFFICES
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
Tel. (703) 248-2608
Fax. (703) 351-5298
DC BAR No. 438642
w-marcus-scriven@msn.com

SCRIVEN LAW OFFICES
Post Office Box 41009
Fredericksburg, VA 22404-1009
Tel. (540) 891-8974
Fax. (540) 891-8975

Counsel for Defendants,
ENTERPRISE TECHNOLOGY
SERVICES GROUP, LLC, NEKOL
BELL PETERSON, and
COUNTER-COMPLAINANT
NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY HAND DELIVERY

I, the undersigned, hereby certify that a copy of the attached and

foregoing  Defendant  ETSG's  Supplemental and Amended Responses  to
Plaintiff's  First  Set  of

Interrogatories was faxed and mailed to:

John M. Remy, Esq.
Jennifer A. Harper, Esq.
JACKSON LEWIS, LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff,
AMERICAN CHEMICAL SOCIETY

I delivered this mail to the persons named above at the stated

address on October 15, 2007.

Dated: October 15, 2007          BY: /s/ _____
                                       Wayne Marcus Scriven

# Exhibit E

```
 1          A.      Not yet, no.

 2          Q.      Why not?

 3          A.      Because we were still in the

 4     process of -- and within these months of

 5     moving and the chaos of this whole case and

 6     managing other clients and doing what we need

 7     to do at this point in time, we could not

 8     get our hands on the 1099.  We will provide

 9     you with that information.

10               MR. SCRIVEN:  We stipulate on the

11     record that that's what we will provide to

12     the Judge on Friday.  And the reason I'm

13     saying that, I want clarity -- I want the

14     Judge to know starting out, that we have been

15     pushing them to get the information, they are

16     trying to find it, and I want to make clear

17     for the court, put it on the record --

18               MR. REMY:  We are getting this

19     transcript ready.  We are going to read it

20     on Friday to the Judge.  Don't worry.

21               MR. SCRIVEN:  Yeah, but I just

22     want to make it clear on the record.  I

23     think what I am saying she is indicating she

24     is trying to find certain documents, but I

25     want her to send a record today too that she
```

Nekol Bell Peterson                                September 25, 2007

Page 275

```
 1              Q.     So how come the meeting minutes
 2         from 2007 haven't been produced?
 3              A.     We actually -- I'm not sure if we
 4         have meeting minutes for --
 5              Q.     Because those might be in those
 6         boxes of documents, you just haven't gotten
 7         to them?
 8              A.     Yeah.  I'm not sure.  They may
 9         be.
10                     MR. SCRIVEN:  I think we are at a
11         point where we should call it on a day.
12                     (Off the Record at 5:49 p.m.)
13         .
14         .
15         .
16         .
17         .
18         .
19         .
20         .
21         .
22         .
23         . .
24         .
25         .
```

# Exhibit F

Audrey McLaren                                    September 26, 2007

                                                          Page 24

1          A.      Right.

2          Q.      So all I'm saying is at some point

3       whether you got the operating system restored

4       or you went out and bought a new laptop, did

5       you at some point near the end of '06 or

6       early '07 have two functioning computers for

7       ETSG to use?

8          A.      I know that there is one

9       functioning now and I think we recently

10      purchased another one.  There is also pen and

11      paper when computers crash.  You can go back

12      to the basics of using pen and paper and

13      green paper; accountants know what I'm talking

14      about, 10 column, 16 column paper, you can

15      use paper to do what you need to do.

16         Q.      Is what you are saying that after

17      the computers crashed, ETSG used, you know,

18      the accounting paper, the green paper, to

19      keep track of its financial books and

20      records?

21         A.      Yes.

22         Q.      Do you have any idea why those

23      documents haven't been provided to us?

24         A.      We just recently moved office

25      space. It's probably boxed up somewhere.  I