IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | (SAR) |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter Plaintiff. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS/COUNTER PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

TO:  THE HONORABLE PAUL L. FRIEDMAN, JUDGE OF THE ABOVE
CAPTIONED COURT:

Defendants/Counter Plaintiff named above, by undersigned counsel,
respectfully submit this Memorandum of Points and Authorities in opposition
to plaintiff/counter defendant's motion to file an amended complaint in this
action to add additional defendants and to plead new causes of action against
the current defendants.  This opposition is filed pursuant to Rule 15 (a) of the
FRCP and LCv Rule 15.1 and shows that no good cause exists to grant the

requested relief because such an amendment would be unjust, dilatory, financially burdenson, and prejudicial to the rights of the defendants and counter-plaintiff in this action. *Foman v. Davis, Executrix*, 371 U.S. 178, 182 (1962); 83 S. Ct. 227; 9 L. Ed. 2d 222; 1962 U.S. LEXIS 65  Therefore, defendants/counter-plaintiff respectfully request the Court to deny plaintiff/counter-defendant's motion to file an amended complaint. The Court should forthwith set a trial date in this action for the earliest available date in January 2008, or on a date as soon thereafter that is convenient for the Court.

## A.  <u>INTRODUCTION</u>

Plaintiff/counter-defendant filed its complaint against defendant Enterprise Technology Services Group, LLC (hereafter, "ETSG"), and against Nekol Bell Peterson (hereafter, "Bell Peterson"), individually, alleging spurious claims, including, among others, for fraud, breach of fiduciary duties, and RICO acts by defendants. Defendants denied these claims and Bell Peterson pled a meritorious claim of breach of contract, to which plaintiff/counter-defendant has no good faith defense. Nevertheless, now, after the parties have engaged in extensive and costly oral and written discovery, plaintiff/counter-defendant wishes to continue the case, *ad nauseam*, in an apparent attempt to avoid a jury trial requested by

defendants/counter-plaintiff.

Defendant Enterprise Technology Services Group, LLC, is a small ethnic minority owned corporation with less than six principal owners. Defendant/counter plaintiff Nekol Bell Peterson is one of the ethnic minority female corporate principal owners of Defendant Enterprise Technology Services Group, LLC.

Both defendant ETSG and defendant/counter plaintiff Bell Peterson contend that each of them had a written contract with plaintiff/counter defendant American Chemical Society (hereafter, "ACS") to provide computer software services to ACS during the material times alleged in ACS' complaint that was filed with this Court to initiate this action. ACS has alleged a wide range of speculative improprieties by both defendants and counter plaintiff and ACS sought to scrutinize every financial action and activities of both defendants, including personal financial documents of Bell Peterson. This case is at a posture where trial could be set without further delay and the expenditure of additional costs. The Court should summarily deny ACS' motion to file an amended complaint to add additional parties as defendants and to include new claims.

## B. <u>STATEMENT OF THE CASE</u>

The parties made their initial appearance before the Court for a

scheduling conference on May 18, 2007. During the scheduling conference held in open Court, the parties admitted to the Court that Bell Peterson's counterclaims based upon the written contract of the parties would have a substantial negative impact on the claims raised by ACS in its complaint filed in this action. In light of this fact, the parties proposed, and the Court suggested, that Bell Peterson forthwith produce the "written contract" that she contended was executed between Bell Peterson and ACS' authorized management employee, William Mooney, in order for ACS to have its handwriting expert to analyze the same for authenticity. Also, Bell Peterson proposed to move forward immediately with the taking of William Mooney's deposition, and the Court concurred with this proposed deposition, for the narrowing of the issues in the case, depending on the results of these two aspects of discovery.

Thereafter, Bell Peterson provided ACS with three copies of the written contract on or about June 18, 2007 and noticed the deposition of William Mooney for July 25, 2007. To date, ACS has not provided the results of its handwriting expert's analysis of the written contract for authentication of the signatures on it. Also, William Mooney has not been produced for deposition by ACS due to an alleged injury of William Mooney.

ACS' motion for leave to file an amended complaint is not well taken

and should be summarily denied by the Court. The motion and requested relief is made for the sole purposes of delay and to prejudice defendants/counter-plaintiff's rights to bring closure to this action by a jury's verdict after a trial on its merits, if summary judgment is not granted to defendants/counter plaintiff before trial.

## C. RESPONSES TO ACS' PURPORTED BACKGROUND STATEMENT OF FACTS

Contrary to ACS' assertion, defendants/counter-plaintiff have not defrauded ACS of any money in any manner, including the lack of any elaborate billing scheme involving fictitious and inflated prices. Plaintiff/counter-defendant makes this bald unsupported statement in an obvious attempt to persuade the Court that defendants/counter-plaintiff should be prejudged as engaging in improper conduct with no evidentiary hearing being granted to defendants/counter-plaintiff ETSG and Ms. Bell Peterson. (Memo., p. 1)[1] ETSG and Bell Peterson have unequivocally denied ACS' allegations that either or both of them inflated invoices or submitted double invoices or submitted invoices for worked never performed by either or both of them. Each and every allegation of ACS of wrongdoing by ETSG and Bell Peterson and the counts for damages have been denied by ETSG and Bell

---

[1]    Memorandum in Support of Plaintiff/Counter-Defendant's Motion for Leave to File Amended Complaint dated October 15, 2007.

Peterson, including a denial of the existence of any ground for the piercing of the corporate veil between Bell Peterson and ETSG.  Conversely, Ms. Bell Peterson seeks damages for ACS' clear breach of the parties' written employment contract for her services rendered separate and apart from the services rendered by ETSG to ACS pursuant to its separate written contract with ACS.

Plaintiff/counter-defendant proffers unsupported facts for including the proposed new defendants, including defendant/counter-plaintiff Bell Peterson's husband named Alvin Peterson, simply because a check drawn on ETSG's account was payable to Mr. Peterson.  Also, ACS makes an unsubstantiated claim that Alvin Peterson assisted in the creation of a false contract.  (Memo., pp. 2-3) There are no facts whatsoever to support these serious acts attributed to Bell Peterson's husband.  Setting aside ACS' dramatics of making such an accusation, the inclusion of Mr. Peterson as a potential defendant as clearly an attempt to embarrass, harass, and annoy Ms. Bell Peterson to the extent that she will become emotionally and financially drained to the point whereby Ms. Bell Peterson will not be able to go to trial in this action, once the action has been substantially delayed with further extensive discovery proceedings.

Furthermore, ACS continues throughout its supporting Memorandum

to makes accusations of fraudulent conduct by the proposed new defendants and proposes to allege additional conspiracies against the current defendants and the new defendants. ACS asks to pierce the corporate veil of ETSG based upon its unsupported allegations against the proposed new defendants with new causes of actions. (Memo., p. 3)

Once gain, ACS proffers unsupported facts alleging a kickback scheme between Bell Peterson and consultants that worked and continue to work for ACS. Yet, ACS has not proposed adding one so-called alleged participating kick-back consultant as a defendant in their amended complaint. This lack of inclusion of a consultant as a defendant is a glaring fact to indicate that the desire to amend the complaint is not in good faith, is for purposes of delay, and contrary to the interest of timely and substantial justice applicable to the present defendants/counter-plaintiff. (Memo., pp.3-4)

### D. ARGUMENT

Substantial and timely justice requires the Court to deny plaintiff/counter-defendant's untimely and dilatory motion to amend the complaint in this action by adding additional parties and causes of action. Thus ACS' motion to file an amended complaint should be denied by the Court pursuant to Rule 15 (a) of FRCP and LCvR. 15.1.

ACS' reliance on Rule 20 (a) to support its motion to amend the pleadings is inapposite to this case in its present posture. While it may have been permissible for ACS to attempt to name these putative defendants and

putative new causes of action when it filed this action some eight (8) months ago, it does not follow that it is proper for it to file these spurious and speculative claims at the juncture when this case is ready to be set for trial. In fact, the interest of justice, fair play, and judicial economy would direct that the Court deny any additional defendants and claims to be named in this action in order for the action to proceed to a trial by jury. The results of this jury trial, if a motion for summary judgment is not granted to defendants prior to trial, will establish and confirm the frivolity of ACS' claims and the absence of any basis for bringing any further actions against any person or entity associated with the current defendants. Therefore, the interest of justice standard under Rule 15 (a) of FRCP would dictate that the Court denies ACS' motion to file an amended complaint. (Memo., p. 4)

ACS would fare no better in its motion under the purported "alter ego" status of the proposed new defendants to defendant ETSG. (Memo., pp. 5-6) ACS cannot deny that ETSG was a duly organized corporation. This fact is not belied by ACS' self serving and unsupported statements that the proposed new defendants should have personal liability for the alleged acts of ETSG. ACS' assertion of an unsupported "on-going cover-up of fraud" by acts taking place during this litigation is not a basis for allowing the amendment of the complaint to add new defendants and new causes of action.

E.  <u>CONCLUSION</u>

The Court should deny plaintiff/counter defendant's motion to file an amended complaint in its entirety and schedule a trial date in this action, since discovery will close in December 2007.

Respectfully submitted,

Dated: October 26, 2007            BY:_____\s_____
                                   Wayne Marcus Scriven, Esq.
                                   SCRIVEN LAW OFFICES
                                   1655 North Fort Myer Drive
                                   Suite 700
                                   Arlington, VA 22209
                                   Tel. (703) 248-2608
                                   Fax. (703) 351-5298
                                   **DC BAR NO. 438642**

                                   w-marcus-scriven@msn.com


                                   SCRIVEN LAW OFFICES
                                   Post Office Box 41009
                                   Fredericksburg, VA 22404-1009
                                   Tel. (540) 891-8974
                                   Fax. (540) 891-8975

                                   Counsel for Defendants,
                                   ENTERPRISE    TECHNOLOGY
                                   SERVICES GROUP, LLC and
                                   COUNTER PLAINTIFF
                                   NEKOL BELL PETERSON

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, hereby certify that a copy of the attached and foregoing Defendants/Counter Plaintiff's Memorandum of Points and Authorities in Opposition to Plaintiff/Counter Defendant's Motion to File Amended Complaint was mailed to:


John M. Remy, Esq.
Jennifer A. Harper, Esq.
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22182
Tel. (703) 821-2189
Fax. (703) 821-2267

Counsel for Plaintiff/Counter-Defendant,
AMERICAN CHEMICAL SOCIETY

I deposited the above noted mail at the United States Postal Service in Fredericksburg, Virginia on October 26, 2007, after first affixing sufficient postage on it.

Dated: October 26, 2007            BY:_____/s/_____
                                        Wayne Marcus Scriven

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CHEMICAL SOCIETY, | ) | Civil Action No. |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | 1:07CV00375 (PLF) |
| | ) | (SAR) |
| -v- | ) | |
| | ) | |
| ENTERPRISE TECHNOLOGY SERVICES | ) | |
| GROUP, LLC, and | ) | |
| NEKOL BELL PETERSON, | ) | |
| | ) | |
| Defendants/Counter Plaintiff. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF/COUNTER DEFENDANT'S MOTION TO
FILE AMENDED COMPLAINT**

THIS ACTION came before the Court for consideration of plaintiff/counter defendant's motion to file an amended complaint that adds additional defendants and new causes of action in this matter currently pending before the Court against defendant Enterprise Technology Services Group, LLC, and defendant/Counter-plaintiff Nekol Bell Peterson;

WHEREUPON, the Court having reviewed the motion, defendants/counter plaintiff's opposition, and any argument of counsel, it is hereby:

ORDERED that plaintiff/counter defendant's motion is hereby DENIED because an amended complaint would impose an undue delay, appears to be dilatory, and is prejudicial to defendants/counter-plaintiff's rights to forthwith proceed to trial by jury on the merits in this action.

And it is so Ordered.

Dated: October _____, 2007     _____

HON. PAUL L. FRIEDMAN, JUDGE
United States District Court
for the District of Columbia